J. WATTS FARTHING AND ESTHER T. FARTHING, PETITIONERS, v. ESTHER CONSTANCE FARTHING AND J. WATTS FARTHING, JR., MINORS, BY THEIR GUARDIAN, J. C. WESSELL, JR., MAUDE H. FARTHING, ZEB V. FARTHING, CHARLES CLAUDE FARTHING, EDWARD GREY FARTHING, DONALD DEWITT FARTHING, MINNIE WATSON, HENRY GRADY FARTHING, RALPH JURNEY, AND HOWARD JURNEY, RESPONDENTS.

(Filed 21 May, 1952.)

**1. Declaratory Judgment Act § 1: Wills §§ 17, 39—**

The Declaratory Judgment Act cannot be used for the purpose of having a part of a probated writing declared void under the guise of construction, and judgment avoiding a part of the instrument on the ground that it was a codicil not executed as required by law, must be set aside.

**2. Wills § 39—**

Where, in an action to construe a will, the codicil, which was attacked on the ground of invalidity, is ambiguous, the court should construe such codicil notwithstanding its want of jurisdiction to declare it void.

APPEAL by defendant guardian *ad litem* from *Burgwyn, Special Judge,* February Term, 1952, NEW HANOVER. Error and remanded.

Petition for a declaratory judgment (1) construing the last will and testament of Logan E. Farthing, and (2) declaring Sheet No. 3 thereof null and void for that it is in effect a codicil not executed in the manner required by statute.

On 12 March 1938, Logan E. Farthing executed his last will and testament which is or purports to be composed of three sheets, but Sheet No. 3 is inserted between Sheet No. 1 and Sheet No. 2. In article IV thereof on Sheet No. 1, he devises to his son, J. Watts Farthing, petitioner, in fee, a house and lot on Wrightsville Beach and a farm near Boone, N. C. Article IX on Sheet No. 3 reads in part as follows:

"IX—As to Article IV I wish to change so as to read as follows:" He then devises the same property to his said son but uses language which limits the estate devised.

The "in testimony" clause followed by the signatures of the testator and the subscribing witnesses is on Sheet No. 2 immediately following article VIII.  Sheet No. 3 (which is page two as they are attached together) contains only article IX.

On 31 March 1938, the testator died, and on 6 April 1938, his said will, including Sheet No. 3 as a part of the original, was admitted to probate in common form.  So far as the record discloses, there has been no caveat proceeding filed.

The plaintiffs instituted this action to have the court construe the paper writing and declare and decree the rights of the respective parties thereunder.  They allege that Sheet No. 3 is obviously a codicil, not executed as required by law, and is void.  They pray the court to construe said paper writing and declare Sheet No. 3 thereof void and of no effect.

When the cause came on to be heard in the court below, the trial judge adjudged that: "article IX of the Will of Logan E. Farthing, deceased, written on the third page of said Will and denominated 'Sheet No. 3,' is void and of no effect, and that article IV remains in full force and effect, unchanged and unqualified by the void provisions of article IX . . . and that J. Watts Farthing is the owner in fee simple" of the property described in article IV.  Defendants excepted and appealed.  They demur *ore tenus* in this Court.

*Rountree & Rountree for plaintiff appellees.*
*J. C. Wessell, Jr., for respondent appellants.*

BARNHILL, J.  The court below was without original jurisdiction to entertain this action to nullify any part of the duly probated will which is the subject matter of this action.  Hence the judgment entered must be vacated on authority of *In re Will of Puett,* 229 N.C. 8, 47 S.E. 2d 488; *Brissie v. Craig,* 232 N.C. 701, 62 S.E. 2d 330; *Anderson v. Atkinson,* 234 N.C. 271; *Anderson v. Atkinson, ante,* 300.

The Declaratory Judgment Act, G.S. Ch. 1, Art. 26, is designed to provide an expeditious method of procuring a judicial decree construing wills, contracts, and other written instruments and declaring the rights and liabilities of parties thereunder.  It is not a vehicle for the nullification of such instruments.  Nor is it a substitute or alternate method of contesting the validity of wills.

It does not follow, however, that the demurrer entered in this Court must be sustained.  Plaintiffs' action does not fall *in toto* for want of jurisdiction of the trial court.  In article IV plaintiff J. Watts Farthing is devised the beach property and the farm in fee simple.  In article IX he is devised the same property subject to certain conditions and provisions which limit the estate devised.  Do these provisions limit the estate

conveyed both as to the beach property and the farm or only as to the farm? The language used is sufficiently ambiguous to require judicial construction and the petition is sufficient to entitle plaintiffs to a judicial decree definitely determining the nature and extent of his title to each parcel of property so devised to him.

To the end that the judgment entered may be vacated and the parties may be heard on the question properly presented by the pleadings, the cause is remanded.

Error and remanded.