W. L. BENNETT, FRANCIS E. LILES, HAL W. LITTLE AND W. BRYAN MOORE, TRUSTEES OF THE LILLIE M. BENNETT MEMORIAL FOUNDATION, v. THE ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA AND CLIFTON CLEMENT BENNETT.

(Filed 11 January, 1957.)

**1. Appeal and Error § 21—**

An appeal is in itself an exception to the judgment, presenting whether error of law appears upon the face of the record, including the pleadings, verdict and judgment, and whether the conclusions of law are supported by facts admitted or in some way established.

**2. Declaratory Judgment Act § 2a: Wills § 17—**

In an action under the Declaratory Judgment Act the court is without jurisdiction to nullify a duly probated will or any part thereof.

**3. Wills § 33d: Trusts § 3d—It is sufficient if charitable trust designates a class of beneficiaries with power to the trustees to select members thereof.**

Testatrix devised her home place and certain other property to trustees with direction that the home place be used as an old ladies' home and the other property used for its maintenance, with further provision that if in the opinion of the trustees it was not feasible to maintain the home, that the same should be sold and the proceeds added to the other trust property for the purpose of providing aid and assistance to any worthy white citizen of the county who might be blind, lame, homeless, in dire poverty, or otherwise a worthy object of charity, to be selected in the discretion of the trustees. *Held:* The designation of the purpose of the trust to members of a class, with power of the trustees to select the individuals of that class is sufficient certainty for a charitable trust, and upon findings by the court that the remodeling of the home place for the purpose of maintaining an old ladies' home would dissipate the other assets of the estate so that there would be insufficient income for the maintenance and operation of the home, the court properly authorized the trustees to sell same and devote the proceeds to the alternative purpose of the trust.

JOHNSON, J., not sitting.

RODMAN, J., took no part in the consideration or decision of this case.

APPEAL by defendant Clifton Clement Bennett from *Phillips, J.,* at November 1955 Term of ANSON.

Civil action under the North. Carolina Declaratory Judgment Act, G.S. 1-253, for the construction of certain provisions of the last will and testament of Lillie M. Bennett, deceased, in respect to the rights, authority and duties of trustees as to the Lillie M. Bennett Memorial Foundation therein created.

These facts appear from the pleadings and case on appeal to be uncontroverted:

1. Lillie Marshall Bennett, late of Anson County, North Carolina, who signed her name as Lillie M. Bennett, died 13 May, 1952, leaving a last will and testament dated 21 May, 1949, and a codicil thereto, dated 1 September, 1950, each of which has been duly probated and recorded in office of Clerk of Superior Court of said County.

2. The testatrix, after making in her said last will and testament certain devises and bequests, and after making provision for the administration of her estate by executor named, not necessary to determination of questions here presented, made these pertinent provisions:

"Eighteenth: Subject to the foregoing provisions, I hereby set up, create and establish the Lillie M. Bennett Memorial Foundation, and hereby name, designate, constitute and appoint W. L. Bennett, Francis E. Liles, Hal W. Little, R. T. B. Little and W. Bryan Moore, and their successors as hereinafter provided for, as Trustees thereof.

"Nineteenth: Subject to the foregoing specific bequests, I hereby give, devise and bequeath all my other property, and all the rest and residue of my estate real and personal, regardless of kind, class, description and/or location, to W. L. Bennett, Francis E. Liles, Hal. W. Little, R. T. B. Little and W. Bryan Moore, Trustees, and their successors in office as hereinafter provided, absolutely and forever in fee simple for the following trusts, uses and purposes:

'A. Said Trustees shall hold all of said properties as Trustees of the aforesaid Lillie M. Bennett Memorial Foundation and use all income therefrom, and/or the principal thereof, as herein provided.

'B. Should either of said Trustees resign or die the remaining Trustees of said Foundation shall, by majority vote, elect the successor to such Trustee whose death or resignation created the vacancy on said board of trustees. It is my desire that said board of trustees be thus self-perpetuating, that is by the surviving trustees naming, by majority vote, the successor to each original trustee lost by death or resignation. Either said Trustee may resign by submitting written resignation to the then active trustees hereunder without prior application to, or Order from, any Court. Said Trustees, and their successors as herein provided, shall be and constitute the Board of Trustees of said

Lillie M. Bennett Memorial Foundation, and shall be required to file only such annual reports of the execution of their trust as may be required by the laws of North Carolina.

'C. The said Trustees shall maintain my present Home Place, residence and lot on the West side of North Greene Street in the Town of Wadesboro, as a home or refuge for worthy aged and homeless ladies of Anson County, N. C., of good character and reputation, who may be admitted after proper investigation, so long as it is practicable, judicious, reasonable, wise and proper to do so without jeopardizing the remainder of the principal of my estate, and/or when the net income to said Trust will not, in their opinion, justify the continued upkeep of said home for said purposes, in behalf of the white ladies of this community who are worthy, homeless, aged and (despondent).

'D. The said Trustees shall rent my undevised farm lands for an annual "standing rent" each year so long as it appears advisable and proper to do so, and shall use all net income therefrom for the upkeep, repair, enlargement and/or operation of said home.

'E. The said Trustees may sell my lot on the East side of North Rutherford Street directly adjoining the aforesaid Home Place, by private sale, or by public sale, and use the net proceeds of sale to maintain the aforesaid Home if, in their judgment said Home is to be maintained as herein provided; otherwise, the net proceeds of sale shall be treated as other trust funds, or said lot shall be treated as other trust assets until sold or used under the terms hereof.

'F. The said Trustees shall hold all my said properties in trust for the purpose herein provided and may sell any or all of said properties at any time, by private sale or by public sale as they may deem best, and invest or re-invest any and all net proceeds of sale, or sales, as investments of this trust, and shall invest, re-invest and keep invested the capital or principal of this trust, as delivered to them by my Executor and/or as acquired by them hereunder or otherwise, in such lands, stocks, bonds or securities as they may deem prudent, without limitation or restriction and without liability of any kind for or by reason of such sale, retention, exchange or investment; and with full power to purchase such investments at a then current premium or discount, to make subscriptions for land, stock, bond and security exchange, privileges, allotments, transfer, purchase, sale, merger, foreclosure, re-organization, dissolution, collateral, consolidation, voting, listing, conveyance and/or distribution as they may deem necessary from time to time for the interests of their trust.

'G. The said Trustees shall use so much of the net income to said trust as may be necessary to keep and maintain the aforesaid Home so long as they may think it proper to do so in accordance with my wishes only.

'H. When it appears to the said Trustees that it is, in their exclusive judgment and opinion, not practical, judicious, reasonable, wise and/or proper to keep and maintain my said Home as herein provided, and/or if and when it appears to them that the net income to said Trust will not, in their opinion, justify the required expenditures for purposes of keeping said Home, the said Trustees may rent or sell said property, as other trust assets, and hold or use the net proceeds of rental or sale as other trust assets under the terms hereof.

'I. The said Trustees may, at such time as they deem best, discontinue to, maintain my said Home for the aged, by making sale as herein provided, and shall then use such part of the net income to said trust for the transfer, and placing, admission, and/or keeping of such worthy, aged, homeless and dependent white ladies of Anson County, N. C., of good character and reputation, to, at and in the Methodist Home for the Aged near Charlotte in Mecklenburg County, N. C. as may be reasonably necessary and required therefor, and/or the said Trustees may use such part of said net income to said trust, and/or a part of the capital or principal of said trust if necessary, to provide such aid and assistance to any worthy white citizen of Anson County, N. C., who may be blind, lame, homeless, in dire poverty, the victim of any disaster or emergency, or otherwise a worthy object of the charity not provided by the laws of North Carolina, as said Trustees may, in their opinion, after due investigation, deem entitled to such aid and assistance from said trust. I have selected able Trustees who are conversant with my ideas, ideals, desires, wishes and plans, and I am confident they will use excellent judgment in executing their trust under this Will. Therefore, I specifically confer upon said Trustees, and their successors as herein provided the special powers and authorities, in addition to but not in any sense in limitation of the general powers and authorities vested in them by law hereunder, or under the laws of North Carolina, all of which shall be exercised by them without application to, or Order from, any Court, to have full and unlimited discretion in the administration of this trust and in determining such person, organization and/or institution as may, from time to time, receive assistance from this trust. Nothing herein contained shall prevent said Trustees from accepting gifts, funds and/or assistance from

others to strengthen this Lillie M. Bennett Memorial Foundation, and nothing herein contained shall prevent said Trustees from making such gift, grant, award, expenditure, or donation as they, in their opinion, may consider worthy and justified as a proper assistance to any white person of Anson County, or to any organization or institution operated for the benefit of citizens of Anson County, of the white race.

'J. The said Trustees shall, after discontinuing to maintain said Home, (if they find it necessary and advisable to do so), and after making suitable provision for the then admission of the aforesaid ladies to the said Methodist Home for the Aged, if necessary and advisable, then use all net income to said trust for the other aforesaid purposes of aid and assistance to such extent, and in such manner as they, by majority vote at any time, deem best. To that end, the said Trustees are further empowered to use their best judgment in determining who, or what organization, shall be entitled to aid and assistance from said trust funds or Foundation.

'K. The said Trustees shall exercise any and all of the foregoing powers and authorities during the continuance of this trust, for any purpose or purposes whatever incident to the execution of said trust; it being my will that my said Trustees, and their successors as herein provided for, shall have at all times and for all purposes, the most full and ample powers in dealing with this trust and with all properties in said trust (income and principal), and that no such powers or authorities shall at any time be deemed to have lapsed, or be exhausted, so long as it is possible for my properties to do good for me after my death, or until said trust properties are not productive of beneficient income.

'L. The said Trustees, and/or their successors, may terminate said trust and divest themselves of the properties therein only at such time as the net income therefrom shall cease and they shall have first exhausted the properties remaining in said trust as herein provided.

'M. The said Trustees shall receive only such reasonable compensation as fixed by law, in addition to reasonable counsel fees for their attorney.' "

3. Plaintiffs are the trustees of the Lillie M. Bennett Memorial Foundation appointed under the terms of the Last Will and Testament of Lillie M. Bennett, deceased, and have duly qualified as such and are now acting and serving in said capacity.

4. Plaintiffs allege in their complaint, *inter alia,* the following:

"11. That since the qualification of the plaintiffs as Trustees as aforesaid it has been determined by them, and they now so allege, that in order to carry out the provisions of the Will in establishing the Home of the said Lillie M. Bennett, deceased, on North Green Street in the Town of Wadesboro, N. C., as a Home for the Aged as in said will specified, that the cost of placing said Home in a usable condition for said purposes would be extremely costly and would result in the depletion of the personal assets belonging to said Trust; that upon depletion of said personal assets, the remaining portion of both personal and real assets in said Trust would not be sufficient to maintain said Home on the standard and for the purpose set forth under said Last Will and Testament.

"12. The plaintiffs are advised, informed, and believe, and being so advised, informed and believing, allege, that because of changed conditions, and on account of situations beyond the control of plaintiffs, it is not practicable, judicious, reasonable, wise and proper to attempt to establish, keep and maintain as a home or refuge for aged and homeless ladies of Anson County, North Carolina, the Home Place, residence and lot on the West side of North Green Street in the Town of Wadesboro belonging to the late Lillie Marshall Bennett, as suggested or directed by testatrix in the creation of the Lillie M. Bennett Memorial Foundation, and that, to attempt to do so would seriously involve, serve as a hazard, and completely jeopardize the Trust Estate.

"13. That the plaintiffs are of the opinion, and being of said opinion, allege, that it would be to the best interest and most advantageous to all concerned, and specifically for the Trust Estate, that said Home on North Greene Street and the lots adjacent thereto be sold under orders of this court and that the proceeds from said sale be deposited in and made a part of the *corpus* of said Trust, and invested as by law provided, and that the total income and/or *corpus* of said Trust Fund be utilized by the plaintiffs as Trustees, as provided for under paragraph 19-I of said Last Will and Testament hereinabove set forth in paragraph IX of this complaint.

"14. That the plaintiffs are of the opinion, and being of such opinion, allege, that the dominant intent and purpose of the said Lillie M. Bennett, deceased, in the establishment of the Lillie M. Bennett Memorial Foundation, was to have said Foundation aid aged and needy white female persons of Anson County,

North Carolina, and in the consummation of said intent and purpose this court would have ample authority to direct the Trustees to use said Trust for the purposes expressed in said paragraph 19-I of the Last Will and Testament of Lillie M. Bennett, deceased.

"Wherefore, plaintiffs pray the court:

(1) That the court construe the Last Will and Testament of the said Lillie M. Bennett, deceased, and the law applicable to such cases, and advise and instruct the plaintiffs herein, as Trustees of the Lillie M. Bennett Memorial Foundation, as to their rights and authority under said Last Will and Testament and that the court order the Home on North Green Street in the Town of Wadesboro and the lots adjacent thereto sold in such manner as the court may deem to be the best interest of said Foundation, and direct that the net proceeds therefrom be deposited and merged with the *corpus* of the funds belonging to said Foundation and be invested by said Trustees as by law provided.

(2) That the court further direct the plaintiffs herein as Trustees as aforesaid to maintain the funds belonging to said Foundation for the uses and purposes as set forth in paragraph 19-I of said Last Will and Testament.

(3) And for such other and further relief as to the court may seem just and proper, and to which plaintiffs may be entitled either in law or in equity."

5. The Attorney General of the State of North Carolina was made party defendant (it being alleged in the complaint that the Lillie M. Bennett Memorial Foundation, as constituted under the last will and testament of Lillie M. Bennett, deceased, is a public trust and as such the said Attorney General acquires an interest therein and maintains same on behalf of the State for the duration of said trust), and, answering he admits each allegation of the complaint, and joins in plaintiffs' prayer for relief as hereinabove set forth.

6. Clifton Clement Bennett, petitioning as the sole heir at law and distributee of Lillie M. Bennett, was permitted to intervene and be made a defendant in this action, and to file an answer so as to protect his right and interest. And the said intervenor, answering, *seriatim*, the allegations of the complaint, admits *inter alia* the allegations of paragraph 11 of the complaint hereinabove set forth, and joins plaintiffs in asking for advice, instructions and declaratory judgment, but prays that the provisions of paragraph 19 of the will of testatrix be declared void, and the assets remaining in the estate be disposed of

according to law, and such further orders and decrees as the court may find necessary in the premises.

7. The record shows that thereafter an order was entered by written consent of all the parties, setting the cause for hearing in Chambers at designated time and place, before the Resident Judge of, and holding the courts of the 20th Judicial District; it being agreed that "following said hearing such orders and decrees as may be entered herein shall be as binding and conclusive and to the same force and effect as though made and entered" in term time in Anson County. Upon such hearing, all parties and their attorneys being present, and at the conclusion of all arguments, the court informed intervenor and his counsel that this action was brought by the Trustees of the Lillie M. Bennett Memorial Foundation under the Declaratory Judgment Act, G.S. 1-253, and that from the brief submitted by the intervenor and the argument made by counsel for intervenor, the court is of opinion that he has no authority under the instant proceeding to go outside the terms and authority of said Act, and thereupon allowed intervenor until 28 December, 1955, within which to file such brief as might be deemed necessary as to the authority of the court to find for the intervenor in accordance with the pleadings herein filed by him; and that, intervenor having failed to file such brief, the court entered final order in this proceeding on 24 March, 1956.

8. And the record further shows in the final order so entered the judge finds these facts:

"4. . . . that under the provisions of the Will of the late Lillie M. Bennett ample power and authority was granted therein to the Trustees of the Lillie M. Bennett Memorial Foundation to use the income and/or *corpus* of the Trust Estate, to sell the Home Place on North Green Street in the Town of Wadesboro and the lots adjacent thereto and that such funds therefrom be merged with the remaining *corpus* of the Trust, and that the said Trust as thus supplemented be administered under the alternative provisions of said Will.

"5. . . . from the total contents of the Last Will and Testament of the said Lillie M. Bennett, deceased, that it was the intent of the testatrix that said Trustees 'shall have at all times and for all purposes the most full and ample powers in dealing with this Trust and all properties in said Trust . . .' as is set forth in paragraph 19K of said Last Will and Testament; and the court further finding as a fact that it was the intent of the testatrix to leave the administration of said Trust Estate within the sole discretion of the Trustees appointed by her within the limits set forth in her Last Will and Testament.

"6. . . . that it is impracticable to remodel the home on North Green Street so as to make said home adequate and suitable for an 'Old Ladies' Home,' and that should this remodeling be done a large portion of the *corpus* of the Trust would be consumed, and that the income from the remaining Trust assets would not be adequate to carry out the terms and provisions as set forth in one of the alternatives in the last Will and Testament of the said Lillie M. Bennett, and that under the authority granted the Trustees it is to the best interest of all parties concerned that the said Trustees sell the Home Place on North Green Street in the Town of Wadesboro and the lots adjacent thereto at public auction to the highest bidders for cash and that the net proceeds derived therefrom be merged with the *corpus* of said Trust Estate, to be used by said Trustees within their discretion under the remaining alternatives set forth in the Last Will and Testament of the said Lillie M. Bennett.

"7. . . . as a fact, and as a matter of law, that the plaintiff Trustees are entitled to the relief sought in this proceeding."

And therefore the court "ordered, adjudged and decreed that under the terms of the Last Will and Testament of the late Lillie M. Bennett, the Trustees therein named and their successors have the authority thereunder to sell the Home Place on North Green Street and the lots adjacent thereto and to merge the net funds derived therefrom with the remaining *corpus* of said Trust Estate as referred to in the Petition," and "further ordered that the plaintiff Trustees shall preserve the funds belonging to said Foundation and administer the same for the uses and purposes set forth in paragraph 19-I of the Last Will and Testament of the late Lillie M. Bennett, and that the Trustees are hereby authorized to pay the costs and expenses of this proceeding including $1,000.00 to A. P. Kitchin, attorney for said Trustees, for services rendered in connection with the many hearings of this proceeding."

Thereafter in apt time Clifton Clement Bennett gave written notice to the Judge that he "appeals to the Supreme Court of the State of North Carolina, from the judgment rendered therein by you on the 24th day of March, 1956, wherein judgment was entered by you in favor of the plaintiffs and against this defendant, including an award of costs in favor of the plaintiff, and that this appeal is founded upon the ground that the said judgment was contrary to law and evidence."

*Taylor, Kitchin & Taylor for Plaintiffs, Appellees.*
*Clifton Clement Bennett, Attorney pro se.*
*Frank S. Katzenbach, III, of Counsel for Defendant, Appellant.*

WINBORNE, C. J.   Let it be noted at the outset that the record and case on appeal do not contain any express exception to any ruling of the trial judge.   Nevertheless the appeal to the Supreme Court is itself an exception to the judgment.   *Holden v. Holden, ante,* 1, 95 S.E. 2d 118; *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223; *Lowie Co. v. Atkins, ante,* 98, 95 S.E. 2d 271.

Indeed an exception to the judgment rendered raises the question as to whether error in law appears upon the face of the record.   See *Lowie & Co. v. Atkins, supra; Horn v. Furniture Co., ante,* 173, 95 S.E. 2d 521, and cases cited.   And the record, in the sense here used, refers to the essential parts of the judgment roll, such as pleadings, verdict and judgment.   See *Thornton v. Brady,* 100 N.C. 38, 5 S.E. 910, and citations of it as shown in Shepard's North Carolina Citations.   And a judgment, in its ordinary acceptation, is the conclusion of law upon facts admitted or in some way established.   *Gibson v. Ins. Co.,* 232 N.C. 712, 62 S.E. 2d 320; also *Lowie & Co. v. Atkins, supra.*

Hence in the light of these principles, applied to the case in hand, is there upon the face of the record error in matters of law?

Appellant first assigns as error the ruling of the trial judge in determining that the relief prayed by the intervening defendant is beyond the scope of the Declaratory Judgment Act, and hence the court did not have jurisdiction to consider his claim.   The ruling finds support in decisions of this Court.   See *Farthing v. Farthing,* 235 N.C. 634, 70 S.E. 2d 664, and cases cited.

In this connection it is provided under the Declaratory Judgment Act, G.S. 1-253, that "courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations . . ."; and it is also provided in G.S. 1-254 of said Act that "any person interested under a deed, will, written contract or other writings constituting a contract, . . . may have determined any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status, or other legal relations thereunder . . ." And this Court, in interpretation of these statutes, has declared in the *Farthing case, supra,* in opinion by *Barnhill, J.,* later *C. J.,* that "The court below was without jurisdiction to entertain this action to nullify any part of the duly probated will which is the subject of the action . . ." And, continuing, it is there further stated that "The Declaratory Judgment Act, G.S. Ch. 1, Art. 26, is designed to provide an expeditious method of procuring a judicial decree construing wills, contracts, and other written instruments and declaring the rights and liabilities of the parties thereunder.   It is not a vehicle for the nullification of such instruments.   Nor is it a substitute or alternate method of contesting the validity of wills."   See also *Howland v. Stitzer,* 231 N.C. 528, 58 S.E. 2d 104.

Appellant also contends that the trial judge erred in construing the provisions contained in paragraph 19-I of the will as having force and effect in an event other than a cessation of operating the aged ladies' home after it had once been created and maintained. That is, it is the contention of appellant that it is clearly "the intent of the testatrix as expressed in her will, that a Lillie M. Bennett Memorial Foundation is to be created only in connection with and for the purpose of establishing a home for aged women."

This contention is untenable. See *Woodcock v. Trust Co.*, 214 N.C. 224, 199 S.E. 20, where in a comprehensive opinion *Devin, J.*, later *C. J.*, treats of the subject of charitable trusts. There this Court held that a charitable trust may be created for almost any purpose that tends to promote the well-being of social man unless forbidden by law or public policy. Indeed it is there said that indefiniteness of beneficiaries is a characteristic of charitable trusts, and that the designation of the purpose of the trust to members of a class, with power in the trustees to select individuals of that class as specific beneficiaries is sufficient. Moreover, the declared policy of the State of North Carolina is "that gifts, transfers, grants, bequests and devises for . . . charitable or benevolent uses or purposes . . . are and shall be valid, notwithstanding the fact that any such gift, transfer, grant, bequest, or devise shall be in general terms, G.S. 36-23.1, and it is specified that this section shall be construed liberally to effect the policy therein declared. See also G.S. 36-23.1 (2).

In the light of these principles and declarations, the provisions of the will of Lillie M. Bennett in respect to the creation of the Lillie M. Bennett Memorial Foundation clearly constitute a valid charitable trust. The intent and meaning is manifest.

Moreover, the provisions of the paragraph 19 of the Will of Lillie M. Bennett are sufficiently broad and explicit to authorize the Trustees to refrain from dissipating the estate by remodeling and opening the Old Home, and to authorize them to sell same, and devote the proceeds to purposes within the purview of the provisions of the trust, as so created.

Therefore this Court holds that error in matter of law upon the face of the record is not made to appear. Hence the judgment from which appeal is taken is

Affirmed.

JOHNSON, J., not sitting.

RODMAN, J., took no part in the consideration or decision of this case.