## STATE v. LINCOLN FRAZIER.

(Filed 8 March, 1961.)

**1. Courts § 15—**

The juvenile court of a county has jurisdiction of a proceeding to determine whether a minor resident of the county is a delinquent child within the purview of G.S. 110-21.

**2. Infants § 10: Constitutional Law § 29—**

The commitment of a minor to a training school upon findings that such minor is a delinquent within the intent and meaning of G.S. 110-21 is not punishment and the proceeding is not penal in nature, and therefore such delinquent is not entitled to trial by jury upon his appeal from the order of the juvenile court committing him to a training school.

**3. Courts § 7—**

Where, upon appeal from the order of a juvenile court committing a mi-

nor to a training school as a delinquent, the record discloses the order of the juvenile court with its specific findings of fact and that the court had jurisdiction, the fact that the petition has been misplaced and was not produced on the appeal it not a fatal defect.

**4. Same—**

Where the Superior Court finds that the findings of the juvenile court that the minor is a delinquent was supported by evidence and not only reviews the findings of fact, conclusions and order of the juvenile court, but also hears evidence and tries the cause *de novo,* and finds that the juvenile is a delinquent, the order committing the minor to a training school will not be disturbed on appeal.

APPEAL by defendant from *Morris, J.,* November Term 1960 of CRAVEN.

Proceeding instituted in the Juvenile Court of Craven County by petition of the Public Welfare Department of Craven County, pursuant to G.S. 110-25, averring that the defendant, Lincoln Frazier, a fifteen-year-old boy residing in Craven County, is a delinquent child within the provisions of G.S. 110-21.

On 29 September 1960, W. B. Flanner, Judge of the Juvenile Court of Craven County, issued a summons directing Minezetta Frazier, mother of Lincoln Frazier, to appear before the Juvenile Court of Craven County at New Bern, North Carolina, on 30 September 1960 at 10:00 a.m., and to bring with her Lincoln Frazier, a child represented to the court as being a delinquent child, and there to abide such orders as may be made touching the welfare of the child. The summons was duly served on her the day of its issuance, and a copy was left with her.

On 8 November 1960 the Judge of the Juvenile Court of Craven County rendered an order in substance as follows, except when the order is quoted: At the hearing Lincoln Frazier, a delinquent child, admitted in open court that he was employed and worked at an illicit still in Craven County, and did not attend school regularly, and it further appeared from evidence introduced at the hearing that Lincoln Frazier had been further delinquent, in that he had broken out window lights in the school building, had broken into and entered several places, and stayed away from home at night. The mother of Lincoln Frazier stated to the court she could not control him. "Upon the foregoing findings of fact it was adjudged that said Lincoln Frazier was delinquent, and therefore should be committed to the training school for boys."

Several days later defendant's present counsel of record appealed from the order to the Superior Court.

The appeal came on to be heard before Judge Morris at the No-

vember Term 1960 of Craven County Superior Court. At the hearing before Judge Morris the present counsel for defendant appeared for him, and participated in the hearing. At the beginning of the hearing Judge Morris ruled that no issues of fact arise on the appeal to be submitted to the jury. To this ruling defendant excepted. In behalf of petitioner the following witnesses testified: W. B. Flanner, Clerk of the Superior Court of Craven County and Judge of the Juvenile Court of Craven County, Richard William Henry Badger, principal of the school in Vanceboro, Charles Joyner, principal of the Craven Corner School, and W. E. Taylor, a deputy sheriff, all of whom were cross-examined at length by defendant's counsel. The following witnesses testified in behalf of the defendant: his mother, Artie Nolan, Annie Dove, and Ethel George.

W. B. Flanner testified in substance: That as Judge of the Juvenile Court of Craven County he heard this proceeding on a petition from the Welfare Department, that he does not know where the petition is at present. He kept it on his desk for some time waiting for Mr. Abernethy to come over to see it, and it must have been misplaced. The remainder of his testimony is a recital of the facts found in his order, and the decree based upon such facts.

Richard William Henry Badger testified that Lincoln Frazier was enrolled as a student in his school, but seldom attended.

The testimony of Charles Joyner was of little value.

W. E. Taylor testified that Lincoln Frazier told him he had helped Rudolph Godette make whiskey at a still, had stolen two watches, and did not attend school. He further testified that Lincoln Frazier's mother in Lincoln's presence told him Lincoln didn't stay home at nights, that he came home only to eat, and that she couldn't do anything with him.

The evidence of defendant's witnesses was to the effect that since Lincoln Frazier was brought before the Juvenile Court he has been doing fine, and behaving himself.

Judge Morris' order is in substance: The findings of fact of the Judge of the Juvenile Court to the effect that Lincoln Frazier is a delinquent, and should be committed to a training school for boys is amply supported by the evidence he heard, and the order of the Juvenile Court is affirmed. Whereupon, he remanded the proceeding to the Juvenile Court to the end that its order heretofore entered be placed in effect.

From this order defendant appeals.

*T. W. Bruton, Attorney General, for the State.*
*Charles L. Abernethy, Jr., for defendant, appellant.*

PARKER, J.   The evidence and the findings of fact show that Lincoln Frazier is a fifteen-year-old boy residing in Craven County, and is delinquent within the intent and meaning of G.S. 110-21. The Juvenile Court of Craven County had jurisdiction over him by virtue of the provisions of the same statute.

Defendant assigns as error the ruling of Judge Morris that no issues of fact arise on the appeal to be submitted to a jury. This assignment of error is without merit.

The various training schools in North Carolina established by Chapter 134 of the General Statutes were created by the General Assembly for the training and moral and industrial development of the criminally delinquent children of the State. The purpose of establishing the training schools is not criminal or penal, but to meet, in some measure, the duty imposed upon society, for its own protection, and for the good of the child.

This Court said in In re Watson, 157 N.C. 340, 72 S.E. 1049: "The question as to the extent to which a child's constitutional rights are impaired by a restraint upon its freedom has arisen many times with reference to statutes authorizing the commitment of dependent, incorrigible, or delinquent children to the custody of some institution, and the decisions appear to warrant the statement, as a general rule, that, where the investigation is into the status and needs of the child, and the institution to which he or she is committed is not of a penal character, such investigation is not one to which the constitutional guaranty of a right to trial by jury extends, nor does the restraint put upon the child amount to a deprivation of liberty within the meaning of the Declaration of Rights, nor is it a punishment for crime."

This Court also said in S. v. Burnett, 179 N.C. 735, 102 S.E. 711: "To the objections frequently raised that these statutes ignore or unlawfully withhold the right to trial by jury, these and other authorities well make answer that such legislation deals and purports to deal with delinquent children not as criminals, but as wards and undertakes rather to give them the control and environment that may lead to their reformation and enable them to become law-abiding and useful citizens, a support and not a hindrance to the commonwealth."

Our cases are in accord with the view generally taken by Courts in other jurisdictions. 31 Am. Jur., Juvenile Courts, etc., §67; 50 C.J.S., Juries, §80; Annotation, 67 A.L.R. 1082.

The only exception appearing in the record is the one discussed above. Defendant did not except to the judgment of Judge Morris but appealed to the Supreme Court. The appeal to this Court is an exception to the judgment, Bennett v. Attorney General, 245 N.C. 312,

96 S.E. 2d 46, and presents only the face of the record for review and inspection, *King v. Rudd*, 226 N.C. 156, 37 S.E. 2d 116; *Sprinkle v. City of Reidsville*, 235 N.C. 140, 69 S.E. 2d 179.

G.S. 110-24 provides: "The court shall maintain a full and complete record of all cases brought before it, to be known as the juvenile record." Defendant contends that there is a fatal defect in the record because the petition by the Welfare Department was not produced at the hearing before Judge Morris. The record clearly shows that such a petition was filed with the Juvenile Court. The judge of that court testified before Judge Morris: "I kept it (the petition) on my desk for some time waiting for Mr. Abernethey to come over to see it, and it must have been misplaced." There is nothing in the record to show that a diligent search was made for the petition, and it could not be found. There is in the record the order of the Juvenile Court with its specific findings of fact. The court had jurisdiction in the premises. We do not consider the misplacing of the petition a fatal defect, and this contention is overruled. See *In re Prevatt*, 223 N.C. 833, 28 S.E. 2d 564.

G.S. 110-40 provides for an appeal from any judgment or order of the Juvenile Court to the Superior Court having jurisdiction in the county. This section reads in part: "The judge of the superior court shall on receiving a statement on record of appeal from the juvenile court hear and determine the questions of law or legal inference and the judge shall deliver to the clerk of the superior court of the county in which the action or proceeding is pending his order or judgment. The clerk of the superior court shall immediately notify the judge of the juvenile court of the order or judgment."

Judge Morris stated in his order, while he was of opinion that he was not required to hear the matter *de novo*, he did hear evidence both from the State and from the defendant, and considered the record, including the findings of fact in the order of the Juvenile Court. The record shows that Mr. Abernethy cross-examined at length the witnesses for the State, and offered four witnesses for defendant. Judge Morris in fact had a full scale hearing, and his conclusion "that the findings of fact of the Judge of the Juvenile Court to the effect that the defendant Lincoln Frazier is a delinquent and should be committed to a training school for boys is amply supported by evidence in this case" is, under the circumstances here, tantamount to such a finding by Judge Morris. The record shows that Judge Morris in effect not only reviewed the findings of fact, conclusions and order of the Juvenile Court, but also heard the appeal *de novo*.

The evidence at the hearing before Judge Morris amply supports

the findings of fact, the conclusions, and the order of the Juvenile Court, and also amply supports Judge Morris' findings of fact, conclusions, and order. No error of law appears on the face of the record. All of defendant's contentions have been considered, and are overruled. The order of Judge Morris is
    Affirmed.