18968

Jennie C. Henry, Individually and as Executrix of the Will of Jennie M. Cottingham, and John A. Henry, as Executor of the Will of Jennie M. Cottingham, Respondents, v. John C. COTTINGHAM, Elizabeth F. Cottingham, Margaret Carolyn Cottingham, James McCutchen Cottingham, Jr., Georgia Blanche Cottingham, Jennie Louise Cottingham, Beth Cottingham and Richard Cottingham, Appellants.

(170 S. E. (2d) 387)

*Messrs. McLaurin & McLaurin,* of Dillon, *for Appellant,*

*Messrs. Ray R. Williams,* of Greenville, and *William B. Hawkins,* of Dillion, *for Respondents,*

October 28, 1969.

Moss, Chief Justice.

Mrs. Jennie M. Cottingham, a resident of Dillon County, South Carolina, died on January 11, 1968. Following her death, a written instrument purporting to be her last will and testament was, on March 30, 1968, admitted to probate in common form in the Probate Court for Dillon County, South Carolina. The respondents, Jennie C. Henry and John A. Henry, were appointed executrix and executor, respectively, under the said will and duly qualified as such.

At the time of the death of Mrs. Jennie M. Cottingham she owned a farm in Williamsburg County, South Carolina, containing 509 acres, which, according to the answer of one of the appellants, was appraised and valued at more than $100,000.00. Under Item IX of the will above referred to, the farm was devised as follows:

"I will and devise my farm in Williamsburg County, South Carolina, to my daughter, Jennie Gilland, and to my son, John C., in fee simple, share and share alike, but I give to my daughter Jennie Gilland, the option to take said Williamsburg farm at the value of Twenty-Five Thousand ($25,000.00) Dollars and to pay my son, John C., Twelve Thousand Five Hundred ($12,500.00) Dollars in full payment of his one-half interest therein. My daughter may exercise this option any time during the administration period. I had originally intended to give my said farm to my son, James, now deceased. During his lifetime I advanced him more than his full share of my estate and in order to more nearly equalize my surviving children with my deceased son I have provided as stated in this item. I hereby cancel James' indebtedness to me but direct

that my son, John C., shall repay to my estate the indebtedness he owes me. This indebtedness is approximately Twenty-Five Hundred and No/100 ($2,500.00) Dollars."

The record shows that on April 27, 1968, the appellant John C. Cottingham, a son of Mrs. Jennie M. Cottingham, and one interested in invalidating her purported will, filed with the Probate Court for Dillon County a demand requiring proof of the purported will in due form of law, in accordance with the provisions of Section 19-255 of the Code of Laws of South Carolina. The notice from the Judge of Probate for Dillon County to the executrix and executor requiring the will to be proved in due form of law was not served on them until September 18, 1968. They failed to comply with said notice requiring them to file their petition in such Probate Court for proof of said will in due form of law.

This action was commenced on August 28, 1968, under the Uniform Declaratory Judgments Act, Section 10-2001 *et seq.,* of the Code, praying for a construction of the will of Mrs. Jennie M. Cottingham and for a declaration of the rights of the parties in and to the farm in Willimsburg County, which was the subject of the devise in Item IX of said will.

It is alleged in the complaint that Jennie C. Henry, having exercised her option to purchase the property referred to in Item IX of said will, and under the terms thereof, tendered to the appellant, John C. Cottingham, the sum of $12,500.00, but that he refused to accept the same, claiming that Jennie C. Henry had no right to exercise the option to purchase the property as provided in Item IX of the will. It further appears that Jennie C. Henry paid into the hands of the Clerk of Court for Williamsburg County the aforesaid sum and such is now on deposit with the court.

The prayer of the complaint was that the will of Mrs. Jennie M. Cottingham be construed and that it be declared and adjudged that the aforementioned funds in the hands

of the court be paid over to the appellant, John C. Cottingham, under Item IX of the will and that Jennie C. Henry be declared and adjudged the owner in fee simple of the real property devised under the will.

The appellants, by answer, admit that a paper purporting to be the last will and testament of Mrs. Jennie M. Cottingham was admitted to probate in common form in the Probate Court for Dillon County. It is further alleged that the appellant, John C. Cottingham, has commenced a proceeding in the Court of Probate for Dillon County to require the purported will to be proven in due form of law, and by reason of the pendency of such proceeding this action has been prematurely brought. The appellants contend that the present action should be held in abeyance until a final determination is made of the pending proceeding in the Probate Court for Dillon County. Thereafter, on October 5, 1968, the appellants made a motion before The Honorable James Hugh McFaddin, Judge of the Third Judicial Circuit, to stay this action pending the outcome of the proceeding in the Probate Court for Dillon County for proof of the purported will in due form of law. This motion was heard and refused by an order of the trial judge on May 10, 1969. It is from this order that the appellants prosecute this appeal.

This appeal can be disposed of by deciding the single question of whether the present action should be stayed until the validity of the will of Mrs. Jennie M. Cottingham is determined in the pending proceeding in the Probate Court for Dillon County to require such will to be proved in due form of law.

It is provided in Section 19-401 of the 1962 Code of Laws that the probate of a will and the granting of an administration of an estate of any person deceased shall belong to the Judge of Probate for the County in which such person was last an inhabitant. In the light of Section 19-255 of the Code, the probate of a will in common form by the Probate Court is voidable only by re-

quiring proof of the will in solemn or due form of law within six months, otherwise the probate in common form shall be conclusive of all matters relating to the validity of the will. *Davis v. Davis,* 214 S. C. 247, 52 S. E. (2d) 192; *Wooten v. Wooten,* 235 S. C. 228, 110 S. E. (2d) 922.

The order of the Probate Court of Dillon County admitting the purported will of Mrs. Jennie M. Cottingham to probate in common form was a judgment of a court of competent jurisdiction, and not subject to collateral attack. It must stand until upset in a direct proceeding for that purpose. In *Wilkinson v. Wilkinson,* 178 S. C. 194, 182 S. E. 640, this court said:

"As a proceeding to probate a will is a judicial one, a judgment or decree admitting a will to probate stands on the safe footing as a judgment of any other Court of competent jurisdiction; and while it is not conclusive in the sense that a person having a requisite interest may not attack it by a direct proceeding within the period of time allowed by statute, without a statute conferring the right to contest, the order admitting the will to probate would be final on all parties."

The decree of a Probate Court admitting a will to probate is final and conclusive if not reversed by the appellate court, or set aside and revoked by direct proceeding, and cannot be questioned collaterally. *Weinberg v. Weinberg,* 208 S. C. 157, 37 S. E. (2d) 507; *Reed v. Lemacks,* 204 S. C. 26, 28 S. E. (2d) 441; *Davis v. Davis,* 214 S. C. 247, 52 S. E. (2d) 192.

The Court of Probate for Dillon County has jurisdiction to probate the purported will of Mrs. Jennie M. Cottingham in common form. The trial judge fell into error in requiring the appellants to question the validity of the will in the present action, and in so doing he permitted a collateral attack upon the judgment of the Probate Court which had admitted the will to probate in common form. The question of the validity of the will could not be raised except by a direct attack through proceedings

in the Probate Court to prove the will in soleman or due form of law, in accordance with Section 19-255 of the Code. Since the will here in question was admitted to probate in common form in the Probate Court for Dillion County, such court then had exclusive jurisdiction to require the proof of the will in solemn or due form of law. It follows that the proceeding to have the will proved in solemn or due form of law should take place in the probate court rather than in the present action.

The probate of a will settles all questions as to the ██ formalities of its execution and the capacity of the testator but does not affect the validity or invalidity of any particular clause or settle any question of construction. *Prater v. Whittle,* 16 S. C. 40; *Ex Parte King,* 132 S. C. 63, 128 S. E. 850; *Hembree v. Bolton,* 132 S. C. 136, 128 S. E. 841; *Davis v. Davis,* 214 S. C. 247, 52 S. E. (2d) 192. Questions as to the construction of a will are not within the jurisdiction of the probate court but must be settled by subsequent proceedings in the Court of Common Pleas.

An action to construe the meaning, intent and effect ██ of a will is properly brought under the Declaraory Judgments Act, Section 10-2001 *et seq.,* of the Code. *Rikard v. Miller,* 231 S. C. 98, 97 S. E. (2d) 257.

Under the Declaratory Judgments Act, Section 10-2003 of the Code, it is provided that "Any person interested under a * * * will * * * may have determined any question of construction or validity arising under the instrument * * * and obtain a declaration of rights, status or other legal relations thereunder." Our research does not reveal any case where the Declaratory Judgments Act can be used as a vehicle for the nullification of a will nor a substitute or alternate method of contesting the validity of a will.

Our sister state of North Carolina has a Declaratory Judgments Act similar in import to ours. The Supreme

Court of that state has held that such Act was designed to provide an expeditious method of procuring a judicial decree construing wills and declaring the rights and liabilities of the parties thereunder. It was further held that the Declaratory Judgments Act was neither a vehicle for the nullification of a will nor a substitute or alternate method of contesting the validity of a will. *Farthing v. Farthing,* 235 N. C. 634, 70 S. E. (2d) 664. The rule announced in the *Farthing* case was reaffirmed and followed in the cases of *Bennett v. Attorney General,* 245 N. C. 312, 96 S. E. (2d) 46, and *Yount v. Yount,* 258 N. C. 236, 128 S. E. (2d) 613. We quote from the last cited case the following:

"In this action the court below had jurisdiction to construe the duly probated will but not to nullify any part of it. Our derivative jurisdiction extends no further. *Lovegrave v. Lovegrove,* 237 N. C. 307, 74 S. E. (2d) 723. 'The Declaratory Judgment Act, G. S. Ch. 1, art. 26, is designed to provide an expeditious method of procuring a judicial decree construing wills, contracts, and other written instruments and declaring the rights and liabilities of parties thereunder. It is not a vehicle for the nullification of such instruments. Nor is it a substitute or alternate method of contesting the validity of wills'."

What the North Carolina Supreme Court has said in the cited case is logical and a realistic statement of the rule as we conceive it to be and we apply such here.

When a will has been admitted to probate in either common or solemn form no issue as to the validity of the will itself is left for determination under the Declaratory Judgments Act, but such probate does not preclude inquiry into the validity or effect of any or all of the provisions of the will because these are matters for construction.

We conclude that the trial judge was in error in refusing to stay the action in the Court of Common Pleas for Williamsburg County pending a final determination on the issue

of the validity of the will in the Probate Court for Dillon County.

The order of the lower court is reversed and this case remanded to the Court of Common Pleas for Williamsburg County with instructions to issue an order staying this action pending the outcome of the proceeding in the Probate Court for Dillon County for proof of the purported will in due form of law.

Reversed and remanded.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.