TOWN OF NAGS HEAD v. ROBERT C. TILLETT; ZENOVA P. TILLETT; BRADFORD NEIL LOY; PETER L. MARSHALL AND WIFE, FLORA COSTIN MARSHALL; DOROTHY HAND WAGONER AND HUSBAND, JAMES L. WAGONER, SR.; RICHARD L. RUSSAKOFF AND WIFE, RISE GURY RUSSAKOFF; JAMES T. RYCE AND WIFE, SUSAN RYCE; AND E. CROUSE GRAY, JR., TRUSTEE

No. 831SC789

(Filed 5 June 1984)

1. **Declaratory Judgment Act § 4; Municipal Corporations § 30— deeds in violation of sudivision ordinance—action to have declared void**

   A town could not use a declaratory judgment action pursuant to G.S. 1-254 to have various deeds to property in the town declared null and void as being in violation of the town's subdivision ordinance.

2. **Municipal Corporations § 30— deeds violating subdivision ordinance—action to have declared void**

   A town was not authorized by G.S. 160A-375 to have deeds to property in the town declared null and void because the conveyances violated the town's subdivision ordinance since that statute was not intended to invalidate conveyances of real property; nor could the town enjoin such conveyances under the statute since the conveyances had already been completed at the time the town's action was filed.

3. **Municipal Corporations § 30.10— lot violating subdivision ordinance—denial of building permit**

   The trial court erred in requiring a town to issue a building permit to defendants for a lot which does not meet the requirements of the town's subdivision ordinance. G.S. 160A-389.

APPEAL by plaintiff from *Stevens, Judge.* Judgment entered 5 April 1983 in Superior Court, DARE County. Heard in the Court of Appeals 8 May 1984.

On 10 June 1974, the Town of Nags Head (Town) codified its subdivision ordinance pursuant to G.S. 160A-371 and 372 of the North Carolina General Statutes. Section 17-10 of the ordinance enumerates those enforcement penalties and remedies authorized by G.S. 160A-375. Section 17-11 of the ordinance prohibits the issuance of a building permit in an unapproved subdivision. Section 17-22(c) of the ordinance prohibits any lot from being sold or offered for sale until final approval of a subdivision plat is granted and the subdivision improvements are dedicated to the town and the plat certified. Section 17-24 of the ordinance establishes the requirements of street rights-of-way and paved streets, and Sec-

tion 17-27 sets out the standards of design and construction of subdivision streets.

On 20 July 1977, the Town adopted a revised zoning ordinance which prohibits the issuance of a building permit for lots which do not front upon a public right-of-way which is at least 30 feet wide. The required distance was increased to 40 feet by amendment on 20 October 1978. On 10 August 1977, the Town adopted Section 17-29(c) of the subdivision ordinance which requires all lots subdivided thereafter to front along a public street for a distance of not less than 50 feet.

The property which is the subject of this dispute is a 6.824 acre tract known as the northern portion of the Arthur P. Tillett property. On 31 March 1977, defendants Robert and Zenova Tillett took title to this tract. On 17 October 1977, the defendants Tillett conveyed one lot out of the tract to defendants Richard and Rise Gury Russakoff, and another lot to defendant Bradford Loy. The Tilletts also conveyed additional portions of the property to Loy by quitclaim deed. On 17 October 1980, Loy conveyed that property deeded to him by the Tilletts to defendants James and Susan Ryce. On 25 November 1980, the Ryces conveyed the property by deed of trust to defendant E. Crouse Gray as trustee for Loy. On 9 December 1980 the Russakoffs conveyed one-half undivided interests in that property deeded to them by the Tilletts to defendant Peter Marshall and defendant Dorothy Wagoner. This property was subsequently partitioned by Marshall and Wagoner on 24 March 1981. On 4 January 1982, defendants Ryce applied to the Town of Nags Head for a building permit, which application was denied on the grounds that the property was in violation of the Town subdivision ordinance.

On 29 March 1982, the Town brought a declaratory judgment action against defendants seeking to invalidate and declare illegal the various conveyances made by defendants and to enjoin the transfer of the property. The specific relief prayed for by the Town was as follows:

1. For a declaratory judgment declaring all of the deeds, plats and deed of trust as set out and enumerated in Paragraphs IV through X of the complaint as void, of no force and effect and in violation of the Town of Nags Head Subdivision

Ordinance and applicable statutes of the State of North Carolina, and

2. That a notation be placed upon all of said documents which are recorded in the office of the Register of Deeds of Dare County, North Carolina, that said documents are void, illegal and of no force and effect or, in the alternative, said documents be removed and stricken from the public records of the office of the Register of Deeds of Dare County, North Carolina, and

3. That the defendants, their successors, agents and attorneys be permanently enjoined from conveying any of said property in violation of the subdivision ordinance of the Town of Nags Head and applicable state laws, and

4. That all of said transactions as evidenced by the deeds of conveyances, plats and deed of trust being the subject of this action be rescinded, and

5. For such other and further relief as the plaintiff may be entitled in this action.

Defendants Ryce filed a counterclaim alleging that they were entitled to a mandatory injunction compelling the Town to issue them a building permit and enjoining the Town from interfering with their use of the property. After all parties moved for summary judgment, the trial court entered an order on 5 April 1983 dismissing the Town's action on the grounds that the complaint failed to state a claim upon which relief could be granted. The order also enjoined the Town from denying a building permit to defendants Ryce. From this order, the Town filed notice of appeal.

*Kellogg, White, Evans, Sharp and Michael, by Thomas L. White, Jr., for plaintiff appellant.*

*Shearin and Archbell, by Norman W. Shearin, Jr., for defendant appelless Loy, Marshall, Wagoner, Russakoff, and Gray.*

*Leroy, Wells, Shaw, Hornthal and Riley, by L. P. Hornthal, Jr., for defendant appellees Ryce.*

*McCown and McCown, by Wallace H. McCown, for defendant appellees Tillett.*

ARNOLD, Judge.

The Town contends that the trial court erred in dismissing its declaratory judgment action and in ruling that it be enjoined from denying a building permit to defendants Ryce. We affirm the order as it dismisses the action. The Town is not empowered to obtain the relief it seeks. We vacate the judgment, however, as to its ruling enjoining the Town from denying the building permit.

[1] The statute cited by the Town as authority for its action to invalidate the deeds and conveyances of defendants is G.S. 1-254, which states:

> Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder.

Although the Town is correct in its assertion that this statute permits the validity of a deed to be determined by a declaratory judgment action, we find that the Town went beyond the scope of any statutory authority in attempting to use such an action to have the various deeds in question declared null and void.

In the case of *Farthing v. Farthing*, 235 N.C. 634, 70 S.E. 2d 664 (1952), the Supreme Court of North Carolina stated:

> The Declaratory Judgment Act, G.S. Ch. 1, Art. 26, is designed to provide an expeditious method of procuring a judicial decree construing wills, contracts, and other written instruments and declaring the rights and liabilities of parties thereunder. It is not a vehicle for the nullification of such instruments. *Id.* at 635, 70 S.E. 2d at 665.

Although in *Farthing* the Court was presented with the question of whether the Declaratory Judgment Act could properly be used to nullify a will, rather than a deed, we find the same rationale applies where a deed is asked to be declared "void, illegal and of no force and effect." Had the Town merely attempted to seek a

declaration of the rights and liabilities of the parties with regard to the property in question this action may have been appropriate. To request the court to find that the conveyances are void as a matter of law, however, is beyond the scope of the Declaratory Judgment Act.

The statute which embodies the penalties for transferring lots in an unapproved subdivision is G.S. 160A-375, which provides:

> If a city adopts an ordinance regulating the subdivision of land as authorized herein, any person who, being the owner or agent of the owner of any land located within the jurisdiction of that city, thereafter subdivides his land in violation of the ordinance or transfers or sells land by reference to, exhibition of, or any other use of a plat showing a subdivision of the land before the plat has been properly approved under such ordinance and recorded in the office of the appropriate register of deeds, shall be guilty of a misdemeanor. . . . The city may bring an action for injunction of any illegal subdivision, transfer, conveyance, or sale of land, and the court shall, upon appropriate findings, issue an injunction and order requiring the offending party to comply with the subdivision ordinance.

[2] We find that the Town's attempt to use this statute to nullify the deeds in question is misplaced. A case which sheds some light on this issue is *Marriot Financial Services v. Capital Funds*, 288 N.C. 122, 217 S.E. 2d 551 (1975). In that case the plaintiff sought to rescind a conveyance from the defendant on the grounds that it was illegal and void because in violation of the Raleigh subdivision ordinance. In holding that the enabling legislation for that ordinance did not intend to invalidate conveyances of real property, the North Carolina Supreme Court stated the following:

> Pursuant to the ordinance, anyone who described any land in a deed by reference to a subdivision plat which has not been properly approved and recorded is guilty of a crime, punishable as a misdemeanor. The offense is expressly designated, and punishment for its violation clearly stated. The General Assembly has carefully designated the offense, the offender, and the penalty and has made specific provisions to insure

enforcement. The inference is 'that the Legislature has dealt with the subject completely and did not intend, in addition thereto, that the drastic consequences of invalidity should be visited upon the victim of the offender by mere implication.' To hold that the enactment, either expressly or by plain implication, indicates a legislative intent to invalidate the sale of property absent compliance with the subdivision ordinance would visit upon the unfortunate purchasers 'a penalty far greater than, and out of all proportion to, the penalty imposed upon the wrongdoer himself.' *Id.* at 134-35, 217 S.E. 2d at 559-60 (quoting *In re Estate of Peterson*, 230 Minn. 478, 42 N.W. 2d 59 (1950)).

Applying the Court's analysis to the case at bar, we conclude that G.S. 160A-375 does not provide the Town with a means of having the conveyances declared void and without force and effect.

Perhaps anticipating an unfavorable ruling, the Town sought in its declaratory judgment action not only to nullify the deeds, but also to enjoin defendants and their successors from conveying any of the property in a manner that would violate the subdivision ordinance. We find, however, that, again, G.S. 160A-375 provides no relief.

It is established law that an injunction will not lie to restrain an act which already has been completed at the time of the institution of the action. *Nicholson v. State Education Assistance Authority*, 275 N.C. 439, 168 S.E. 2d 401 (1969). Since the conveyances complained of by the Town already had been completed at the time the action was filed, there was no act which the Town could rightfully have enjoined. In fact, similarly to the statute which is the subject of *Marriot, supra*, G.S. 160A-375 provides that those defendants alleged to have violated the subdivision ordinance may be guilty of misdemeanors. If so, the appropriate remedy for the Town is to have these defendants charged with misdemeanors in criminal court.

Moreover, the language of G.S. 160A-375 permitting the Town to seek an injunction "requiring the offending party to comply with the subdivision ordinance" is necessarily limited to any threatened future subdivisions or conveyances of the property. Since there is no suggestion in the record that any of defendants Marshall, Wagoner or Ryce, the current owners, intend to further

subdivide the land, we must find that the statute is of no help to the Town in this action.

It appears to this Court that the Town is simply seeking to accomplish a result which it lacks the power to achieve. In fact, we are somewhat puzzled as to why the Town decided to undertake this action. Once defendants Ryce's request for a building permit was denied there was no need for further action by the Town, unless, of course, it wanted to file criminal charges as permitted by G.S. 160A-375. In fact, it would appear that any action involving these parties would most logically have been initiated by defendants Ryce as a result of the Town's denial of their application for a building permit.

[3] In conclusion, we find that the order of the trial court is affirmed as to its finding that the Town has failed to state a claim upon which relief could be granted. That portion of the judgment, however, which orders that the Town is "permanently enjoined from denying the defendants Ryce a building permit for their said property, or otherwise interfering with the lawful use of said property" is vacated. The Town may take "any appropriate action" under G.S. 160A-389 in order to prevent unlawful construction in violation of its subdivision ordinance. In the case at bar, the lot of defendants Ryce does not front along a public street for a distance of at least 50 feet as is required by Section 17-29(c) of the Town's subdivision ordinance. Furthermore, the lot does not abut a street having a width of not less than 20 feet and a right-of-way width of at least 40 feet as is required by Section 17-27. Perhaps most significantly, the subdivision of the lots making up the Tillett tract, including the lot of defendants Ryce, was never submitted to and approved by the Town as is required by Section 17-11 of the Town subdivision ordinance. This lot clearly did not meet the standards of the subdivision ordinance of the Town of Nags Head. In view of this fact, it was error for the trial court to require the Town to issue a building permit to defendants Ryce.

The order of the trial court is, therefore, affirmed as it dismisses the action and vacated as it enjoins the Town from denying the building permit to defendants Ryce.

Affirmed in part and vacated in part.

Judges HEDRICK and PHILLIPS concur.