STATE OF NORTH CAROLINA v. CHESLEY L. GRIFFIN, JR.

No. 8021SC1135

(Filed 21 April 1981)

Criminal Law § 26.5– double jeopardy – guilty plea to failure to yield right-of-way – trial for death by vehicle by failure to yield right-of-way

Where defendant entered a plea of guilty to a charge of failing to yield the right-of-way in violation of G.S. 20-158 which arose out of an automobile accident and a passenger thereafter died from injuries received in the accident, the trial of defendant on a charge of death by vehicle "in that he did unlawfully and willfully fail to yield the right-of-way ... in violation of

General Statute 20-158" would place defendant in jeopardy for a second time on the charge of failure to yield the right-of-way in violation of the Fifth Amendment to the U.S. Constitution.

APPEAL by the State from *Collier, Judge.* Judgment entered 5 November 1980 in Superior Court, FORSYTH County. Heard in the Court of Appeals 2 April 1981.

Defendant was involved in an accident on 10 April 1980 in which an automobile he was operating collided with an automobile driven by Anita Rimel. On the day of the accident, the defendant entered a plea of guilty to failing to yield the right-of-way in violation of G.S. 20-158. Several days later Ms. Rimel's daughter died from injuries received in the accident. On 17 April 1980, defendant was charged with death by vehicle in violation of G.S. 20-141.4 "in that he did unlawfully and willfully fail to yield the right-of-way . . . in violation of General Statute 20-158." It was stipulated that as to the charge of death by vehicle the "State relied upon the same conduct of the defendant of unlawfully and wilfully failing to yield the right of way that the defendant had been previously charged with and that said defendant had pled guilty to." It was further stipulated that the "State had no other evidence of a violation of any other State law applying to the operation and use of a motor vehicle."

The charge of death by vehicle was dismissed by District Court Judge William H. Freeman. The State appealed to the superior court where Judge Collier allowed the defendant's motion to dismiss. The State appealed.

*Attorney General Edmisten, by Assistant Attorney General J. Chris Prather, for the State.*

*Morrow and Reavis, by John F. Morrow, for defendant appellee.*

WEBB, Judge.

The Fifth Amendment to the Constitution of the United States provides in part:

"[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb. . . ."

The United States Supreme Court has held that if a person has pled guilty to a crime and is later charged with another crime,

the proof of which would prove all the elements of the crime to which he has previously pled guilty, he has then been tried twice for the first crime. This is proscribed by the double jeopardy clause of the Fifth Amendment. *See Illinois v. Vitale,* _____ U.S. _____, 100 S. Ct. 2260, 65 L. Ed. 2d 228 (1980). According to the stipulation made a part of the record in this case, the State relies on the charge of failing to yield the right-of-way to support the charge of death by vehicle. If the defendant was tried for death by vehicle, he would be put in jeopardy for a second time for the charge of failing to yield the right-of-way. The judgment of the superior court is affirmed.

The State contends we are governed by *State v. Meadows,* 272 N.C. 327, 158 S.E. 2d 638 (1968). In that case, the defendant pled guilty to assault with a deadly weapon with intent to kill inflicting serious bodily injury not resulting in death. After the plea was entered the victim died. The defendant was then convicted of second degree murder. Our Supreme Court rejected the defendant's double jeopardy plea. It held that when the State proved the elements of second degree murder, it did not have to prove all the elements of assault with a deadly weapon with intent to kill inflicting serious bodily injury not resulting in death. An intent to kill and a serious bodily injury not resulting in death were elements of the felonious assault charge to which the defendant pled guilty but were not elements of second degree murder. This is the distinguishing feature between *Meadows* and the case sub judice.

The State also argues that at the time the defendant pled guilty to failure to yield the right-of-way, the crime of death by vehicle was not complete. Whether a new element arises after the defendant had pled guilty to the lesser charge is not the test of *Vitale.* The test is whether the defendant will be placed in jeopardy twice for the same offense.

Affirmed.

Judges HEDRICK and ARNOLD concur.