STATE OF NORTH CAROLINA v. LAWRENCE EDWARD HAMRICK, JR.

No. 9127DC917

(Filed 4 May 1993)

1. **Appeal and Error § 233 (NCI4th)— criminal action—appeal by State from district to superior court—notice of appeal insufficient—reliance on defense counsel**

The State's notice of appeal from district to superior court was inadequate where defendant was charged with misdemeanor death by vehicle and with driving left of the center; defendant pled responsible for the driving left of center infraction and filed a motion to dismiss the misdemeanor death by vehicle charge on double jeopardy grounds; the district court granted the motion; the State gave notice of appeal in open court; the defendant offered to draft the notice of appeal on behalf

of the State, including it with the order dismissing the criminal charges; no separate written notice of appeal was filed by the State; the State filed in superior court a petition for writ of certiorari; and the superior court issued the writ and subsequently reinstated the misdemeanor death by vehicle charge. The notice of appeal was inadequate to meet the requirements of N.C.G.S. § 15A-1432(b) because the basis for the appeal was not specified; the State had the responsibility to file the notice of appeal in the proper manner and reliance on defendant's counsel to prepare proper notice will not suffice.

**Am Jur 2d, Appeal and Error §§ 290 et seq.**

2. **Appeal and Error § 294 (NCI4th)— criminal action—appeal by State from district to superior court—writ of certiorari**

Although no statute explicitly gives the superior court authority to issue a writ of certiorari to preserve a party's right to an appeal, N.C.G.S. § 15A-1432 gives the State the right to appeal a district court order dismissing a charge, N.C.G.S. § 15A-101(0.1) provides that the term "appeal" also includes appellate review upon writ of certiorari, and Rule 19 of the General Rules of Practice gives the superior court the authority to grant the writ of certiorari in proper cases.

**Am Jur 2d, Certiorari §§ 15 et seq.**

3. **Constitutional Law § 186 (NCI4th)— driving left of center— misdemeanor death by vehicle—no double jeopardy**

The superior court properly reinstated the charge of misdemeanor death by vehicle where defendant had been charged with misdemeanor death by vehicle and the infraction of driving left of center; defendant pled responsible to driving left of center; and the district court dismissed misdemeanor death by vehicle as double jeopardy under the Fifth Amendment to the U.S. Constitution. Although a violation of N.C.G.S. § 20-146 for driving left of center is considered an infraction, it constitutes an offense within the double jeopardy clause; however, both the law and common sense dictate that a defendant cannot choose to plead responsible to the minor infraction and thereby evade prosecution for the more serious criminal offense. The judgment concerning the lesser offense must be vacated if defendant is convicted of the death by motor vehicle charge.

**Am Jur 2d, Criminal Law §§ 279 et seq.**

STATE v. HAMRICK

[110 N.C. App. 60 (1993)]

Appeal by defendant from order entered 24 July 1991 by Judge Zoro J. Guice, Jr., in Gaston County Superior Court. Heard in the Court of Appeals 20 October 1992.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Herbert L. Hyde for defendant appellant.*

COZORT, Judge.

This case presents two issues for our determination: (1) Does the superior court have the authority, upon a petition for writ of certiorari filed by the State, to reinstate a charge of misdemeanor death by vehicle which had been dismissed by the district court on double jeopardy grounds; and (2) Does a plea of "responsible" to the infraction of driving left of center prohibit, on double jeopardy grounds, prosecution of the defendant for misdemeanor death by vehicle, when the only basis for the misdemeanor death charge is the driving left of center infraction? We find the superior court had the authority to hear the matter and correctly ruled that the plea of "responsible" to the driving infraction did not bar later prosecution of the misdemeanor death by vehicle charge. The facts and procedural history follow.

On 1 May 1990, defendant was involved in a head-on automobile collision with a vehicle operated by Ms. Cynthia Berry. Ms. Berry died as a result of the accident. That same day, defendant was charged with the infraction of driving left of center in violation of N.C. Gen. Stat. § 20-146 (1989). In a separate summons, he was charged, also on 1 May, with the criminal offense of misdemeanor death by vehicle in violation of N.C. Gen. Stat. § 20-141.4(a2) (1989).

Defendant appeared voluntarily before a Gaston County magistrate on 18 May 1990, pled responsible for the infraction, and paid $50.00 in costs and fees. On 30 May 1990, defendant filed a motion to dismiss the misdemeanor death by vehicle charge pursuant to N.C. Gen. Stat. §§ 15A-953 and 15A-954(a)(5) (1988) on the grounds that the prosecution of the misdemeanor death by vehicle charge would violate the double jeopardy provisions of the Fifth Amendment to the United States Constitution. In an order entered 7 August 1990 and filed 14 August 1990, the district court dismissed the death by vehicle charge, ruling "the admission of responsibility and payment of the penalty by the Defendant

is the same as a guilty plea and that prosecution of the Defendant upon the same elements to which he has already pled guilty would constitute a violation of the double jeopardy clause of the fifth amendment of the Constitution of the United States . . . ."

The State gave notice of appeal in open court. The defendant offered to draft the notice of appeal on behalf of the State, including it with the order dismissing the criminal charge. No separate written notice of appeal was ever filed by the State. On 13 September 1990, the State filed in the superior court a petition for writ of certiorari, requesting the superior court to review the district court's dismissal of the misdemeanor death by vehicle charge. In an order filed that same day, the superior court issued the writ and calendared the matter for review in the superior court at the direction of the prosecutor. On 28 November 1990, the defendant moved in superior court to dismiss the State's appeal. The defendant's motion was denied on 27 March 1991.

On 24 July 1991, the superior court entered an order reinstating the misdemeanor death by vehicle charge. The defendant gave oral notice of appeal to this Court. The defendant failed, however, to certify to the superior court that the appeal was not taken for the purpose of delay, as required by N.C. Gen. Stat. § 15A-1432(d) (1988). The defendant also failed to secure from the superior court a determination that the cause is appropriately justiciable in the appellate division, as is required by that same statutory provision. On 30 September 1991, the defendant filed a petition for writ of certiorari to this Court. On 9 October 1991, the State moved for the petition to be denied and for the appeal to be dismissed.

We first address the State's motion to deny defendant's petition for writ of certiorari and motion to dismiss the defendant's appeal in this Court. Defendant admits that counsel then employed by defendant failed to follow the statutory procedure for appealing to the Court of Appeals. Nonetheless, because of the important issues raised by this appeal, we allow defendant's petition for writ of certiorari, pursuant to N.C. Gen. Stat. § 7A-32(c) (1989), and pursuant to Rule 21 of the North Carolina Rules of Appellate Procedure.

[1] The defendant first contends that the State's notice of appeal from district court to superior court was deficient and that the superior court did not have jurisdiction to grant certiorari. We

agree that the State's notice of appeal was deficient. N.C. Gen. Stat. § 15A-1432 (1988) provides:

> (a) Unless the rule against double jeopardy prohibits further prosecution, the State may appeal from the district court judge to the superior court:
>
> > (1) When there has been a decision or judgment dismissing criminal charges as to one or more counts.
>
> * * * *
>
> (b) When the State appeals pursuant to subsection (a) the appeal is by written motion specifying the basis of the appeal made within 10 days after the entry of the judgment in the district court. The motion must be filed with the clerk and a copy served upon the defendant.

In the case below, defendant offered to draw up the State's notice of appeal to the superior court in conjunction with the order dismissing the charges. The order, drafted by defendant's attorney, includes the following notation at the bottom of the page: "Upon the ruling of the Court's decision, the State in Open Court by and through the Special Deputy Attorney General appearing gave notice of appeal for the Court's ruling to the Superior Court Division." This notice of appeal is inadequate to meet the requirements of N.C. Gen. Stat. § 15A-1432(b) because the basis for the appeal is not specified. The State had the responsibility to file the notice of appeal in the proper manner. Reliance on defendant's counsel to prepare proper notice will not suffice.

[2]   The State argues, however, that if we deem the notice of appeal to be inadequate, its writ of certiorari properly placed the case before the superior court. Defendant contends the superior court lacked the power to issue a writ of certiorari allowing the State to pursue its appeal from the district court order. We find the State's argument persuasive.

Although no statute explicitly gives the superior court authority to issue a writ of certiorari to preserve a party's right to an appeal, N.C. Gen. Stat. § 15A-1432 gives the State the right to appeal a district court order dismissing a charge. N.C. Gen. Stat. § 15A-101(0.1) (1988), found within the definition section of the Criminal Procedure Act, provides: "When used in a general context, the term 'appeal' also includes appellate review upon writ of cer-

STATE v. HAMRICK

[110 N.C. App. 60 (1993)]

tiorari." Furthermore, Rule 19 of the General Rules of Practice for the Superior and District Courts gives the superior court the authority to grant the writ of certiorari "in proper cases." The authority of a superior court to grant the writ of certiorari in appropriate cases is, we believe, analogous to the Court of Appeals' power to issue a writ of certiorari pursuant to N.C. Gen. Stat. § 7A-32(c) (1989). As a result, we find the superior court had the authority, given the facts and circumstances apparent below, to grant the writ of certiorari to allow the State's appeal from district court to superior court.

[3] Having determined the State's appeal was properly before the superior court, we now consider whether the superior court erred by reinstating the charge of misdemeanor death by vehicle. Defendant argues that to put him on trial for the death by vehicle charge would place him in double jeopardy in violation of the Fifth Amendment to the United States Constitution. The defendant contends the charge was predicated upon the charge for driving left of center, for which he entered a plea of responsible.

The defendant appeared before a magistrate, admitted responsibility for the left of center violation, and paid fees and costs totalling fifty dollars ($50.00). The district court found, and there is no evidence to the contrary, that the only basis for the charge of misdemeanor death by vehicle was based on the driving left of center infraction. The district court concluded as a matter of law that the admission of responsibility and payment of costs by the defendant was equivalent to a guilty plea, and that prosecution of the defendant upon the same elements to which he had already entered a plea of guilty would violate the double jeopardy clause of the Fifth Amendment. The superior court found that reinstatement of the charge would not constitute a double jeopardy violation.

The Fifth Amendment to the United States Constitution states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V. The United States Supreme Court has held that if a person has pled guilty to a crime and is later charged with a separate crime, the proof of which would prove all the elements of the crime to which he has previously pled guilty, the person has been tried twice for the same crime. *Illinois v. Vitale*, 447 U.S. 410, 65 L.Ed.2d 228 (1980).

STATE v. HAMRICK

[110 N.C. App. 60 (1993)]

The State argues that a violation of N.C. Gen. Stat. § 20-146 (driving vehicle left of center) does not constitute an "offense" within the meaning of the double jeopardy clause. We do not agree. "An infraction is a noncriminal violation of law not punishable by imprisonment. Unless otherwise provided by law, the sanction for a person found responsible for an infraction is a penalty of not more than one hundred dollars ($100.00)." N.C. Gen. Stat. § 14-3.1 (1986). Although a violation of N.C. Gen. Stat. § 20-146 for driving a vehicle left of center is considered an infraction, the infraction is nonetheless, for all practical purposes, of a criminal nature: a criminal summons is issued for a violation of the statute, the violator may be required to appear in criminal court, a punishment is involved, and the infraction may be used as the basis in a criminal prosecution. We hold that a violation of N.C. Gen. Stat. § 20-146 constitutes an "offense" within the double jeopardy clause of the Fifth Amendment.

Defendant argues that the present case is controlled by *State v. Griffin*, 51 N.C. App. 564, 277 S.E.2d 77 (1981). In *Griffin*, the defendant was involved in an accident in which an automobile collided with another vehicle. The day of the accident, the defendant entered a plea of guilty to failing to yield the right-of-way in violation of N.C. Gen. Stat. § 20-158 (1989). Later, the driver of the other automobile died from injuries received in the accident. Defendant was subsequently charged with death by vehicle in violation of N.C. Gen. Stat. § 20-141.4 "in that he did unlawfully and willfully fail to yield the right-of-way . . . ." *Griffin*, 51 N.C. App. at 565, 277 S.E.2d at 77. It was stipulated between the parties that the State relied upon the same conduct of the defendant in failing to yield, to which he had previously pled guilty, as the basis for the death by vehicle charge. The death by vehicle charge was dismissed, based on double jeopardy. This Court affirmed the dismissal, holding: "[i]f the defendant was tried for death by vehicle, he would be put in jeopardy for a second time for the charge of failing to yield the right-of-way." *Id*. at 566, 277 S.E.2d at 77.

We find the case at bar is distinguishable from *Griffin*. In this case, both charges were filed simultaneously; the death by vehicle charge was brought at the same time as the left of center infraction. When charges are pending, double jeopardy does not act as a bar to prosecution. In *Ohio v. Johnson*, 467 U.S. 493, 81 L.Ed.2d 425, *reh. denied*, 468 U.S. 1224, 82 L.Ed.2d 915 (1984), the United States Supreme Court held that a defendant's plea

of guilty to one count of a multi-count indictment did not shield the defendant from prosecution of a greater offense. The Court stated:

> The acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending, moreover, has none of the implications of an "implied acquittal" which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses . . . . [E]nding prosecution now would deny the State its right to one full and fair opportunity to convict those who have violated its laws.

*Id.* at 501-02, 81 L.Ed.2d at 435.

We find that the case below is more analogous to *Johnson* than to *Griffin*, and we hold that double jeopardy is not a bar to prosecution of the death by vehicle charge. Both the law and common sense dictate that a defendant cannot choose to plead responsible to the minor infraction and thereby evade prosecution for the more serious criminal offense. The superior court's order reinstating the misdemeanor death by vehicle charge is affirmed and the cause is remanded for further proceedings. If defendant is convicted of the death by motor vehicle charge, the judgment concerning the lesser infraction must be vacated, to avoid multiple punishments for the same conduct.

Affirmed.

Judges JOHNSON and LEWIS concur.