LOUISE C. HEMPHILL-NOLAN, Petitioner-Appellant v. TOWN OF WEDDINGTON,
A North Carolina municipality and Its Town Council, Respondent-Appellee

No. COA01-1326

(Filed 17 September 2002)

**Cities and Towns— subdivision ordinance—judicial review of application for variance**

The trial court erred by dismissing under N.C.G.S. § 160A-388(e) petitioner's petition for certiorari to review a decision of a town council denying petitioner's application for a variance from the town's subdivision ordinance based on an alleged failure to comply with the thirty-day time limit for filing, and the case is remanded for a determination of whether petitioner's filing of this case was done within a reasonable time because N.C.G.S. § 160A-388(e) does not apply to petitioner's appeal since the appeal is based on the denial of a variance from a subdivision ordinance as opposed to a zoning ordinance.

Appeal by petitioner from order entered 17 August 2001 by Judge W. Robert Bell in Union County Superior Court. Heard in the Court of Appeals 15 August 2002.

*The Brough Law Firm, by Robert E. Hornik, Jr., for petitioner-appellant.*

*Parker, Poe, Adams & Bernstein, L.L.P., by Anthony Fox, for respondent-appellee.*

MARTIN, Judge.

Louise C. Hemphill-Nolan ("petitioner") appeals an order dismissing her Petition for Certiorari to review a decision of the Town of Weddington through its Town Council (collectively "respondent") denying her application for a variance from the Town of Weddington Subdivision Ordinance ("the ordinance"). For the reasons discussed herein, we reverse the dismissal of the petition and remand to the trial court for further proceedings.

Petitioner is the owner of approximately twenty-nine acres of land in the Town of Weddington. On 7 April 2000, petitioner submitted plans to respondent's Zoning Administrator for a proposed "Weddington Lake Subdivision." On the same day, the Zoning Administrator determined that petitioner's proposal met the require-

ments of the ordinance "with the exception of a variance needed for Lakeside Court due to the length of the cul-de-sac." The ordinance provides that "[p]ermanent dead 'end streets should not exceed six hundred (600) feet in length unless necessitated by topography or property accessibility." According to petitioner's proposal, Lakeside Court, a street in the proposed subdivision, would be 785 feet in length.

On 9 August 2001, petitioner submitted an application for a variance from the 600-foot cul-de-sac restriction contained in the ordinance. Respondent's Planning Board considered petitioner's application on 28 August 2000, and recommended four-to-one that it be denied. On 11 September 2000, respondent Town Council conducted a public hearing to consider the matter, following which it denied petitioner's application for a variance. Respondent's decision to deny the application was contained in the minutes of respondent's meeting. Following the meeting, petitioner did not request a copy of the decision. The decision was filed with the Town Clerk on 9 October 2000, and the minutes of respondent's meeting were recorded in full with the Town Clerk on 11 October 2000. By letter dated 12 October 2000, petitioner's attorney requested a copy of the minutes, which contained respondent's decision to deny petitioner's application. Petitioner alleged she received a copy of the minutes and decision on 16 October 2000.

On 13 November 2000, petitioner filed a Verified Petition for Review in the Nature of Certiorari in Union County Superior Court, seeking review of respondent's decision to deny her application for a variance. Following a hearing on 13 August 2001, the trial court dismissed the petition for petitioner's failure to comply with the thirty-day time limit for filing, as established by G.S. § 160A-388(e) (2001). Petitioner appeals the dismissal.

Petitioner argues the trial court erred in dismissing her petition under G.S. § 160A-388(e) because that statute does not apply to her appeal, which is based on the denial of a variance from a *subdivision* ordinance, as opposed to a *zoning* ordinance. We agree. G.S. § 160A-388(e) provides, in pertinent part:

(e) The concurring vote of four-fifths of the members of the board shall be necessary to reverse any order, requirement, decision, or determination of any administrative official charged with *the enforcement of an ordinance adopted pursuant to this Part,*

or to decide in favor of the applicant *any matter* upon which it is required to pass under *any ordinance, or to grant a variance from the provisions of the ordinance. Every decision of the board shall be subject to review by the superior court by proceedings in the nature of certiorari.* Any petition for review by the superior court shall be filed with the clerk of superior court · within 30 days after the decision of the board is filed in such office as the ordinance specifies, or after a written copy thereof is delivered to every aggrieved party who has filed a written request for such copy with the secretary or chairman of the board at the time of its hearing of the case, whichever is later. The decision of the board may be delivered to the aggrieved party either by personal service or by registered mail or certified mail return receipt requested.

N.C. Gen. Stat. § 160A-388(e) (2001) (emphasis added).

Petitioner argues the italicized phrase "the enforcement of an ordinance adopted pursuant to this Part" clearly means that G.S. § 160A-388(e) only applies to appeals based upon ordinances adopted under Part III of Article 19 of Chapter 160A, entitled "Zoning," of which G.S. § 160A-388 is a part. The Weddington Subdivision Ordinance from which petitioner sought a variance was not adopted pursuant to Part III; rather, it was adopted pursuant to Part II of Article 19, entitled "Subdivision Regulation." Thus, petitioner maintains the plain language of G.S. § 160A-388(e) prohibits its application to this case.

Respondent argues the italicized phrases "any ordinance" and "any matter" make clear that G.S. § 160A-388(e) is not limited to matters involving ordinances adopted pursuant to Part III, and that the language "or to grant a variance from the provisions of the ordinance" establishes G.S. § 160A-388(e) as the applicable statute for an appeal from the denial of a variance application. Respondent also contends the phrase "[e]very decision of the board shall be subject to review by the superior court by proceedings in the nature of certiorari" lends support to the position that the statute is not limited to ordinances adopted under Part III.

However, isolated terms such as "any ordinance," "any matter" and "[e]very decision" must be read within the context of the entire statute. *See, e.g., Ball v. Randolph County Bd. of Adjustment,* 129 N.C. App. 300, 303, 498 S.E.2d 833, 835, *disc. review improv. allowed,* 349 N.C. 348, 507 S.E.2d 272 (1998) (words in ordinance or statute

"must be construed in context and given only the meaning that the other modifying provisions of the ordinance will permit."). Thus, they must be construed as being modified by the preceding condition that the section applies to matters involving the enforcement of ordinances "adopted pursuant to this Part." They must also be construed within the context of G.S. § 160A-388 as a whole. Subsection (b) of the statute, which describes some of the duties and procedures of the board, begins with the following qualifier: "The board of adjustment shall hear and decide appeals from and review any order, requirement, decision, or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this Part." N.C. Gen. Stat. § 160A-388(b) (2001). Therefore, it is reasonable to interpret the terms "any ordinance" and "[e]very decision," when construed within the context of the statute, as referring to any ordinance adopted under Part III of Article 19, and to all decisions of the Board, which, according to subsection (b), are limited to matters regarding ordinances adopted under Part III.

Moreover, respondent failed to cite any authority wherein G.S. § 160A-388(e) has been applied to the appeal of a board decision based upon a subdivision ordinance. Indeed, cases citing G.S. § 160A-388 almost invariably involve decisions based on zoning and development ordinances and regulations. Although this Court has recognized that the legal principles involved in review of zoning applications are similar and relevant to review of the denial of subdivision applications, we have also stated that "zoning statutes do not limit how a subdivision applicant may seek judicial review." *Batch v. Town of Chapel Hill*, 92 N.C. App. 601, 610, 376 S.E.2d 22, 28 (1989), *reversed on other grounds*, 326 N.C. 1, 387 S.E.2d 655, *cert. denied*, 496 U.S. 931, 110 L. Ed. 2d 651 (1990).

In *Batch*, a case involving an appeal of the denial of a subdivision application, we noted that "[p]roper procedure in this case can be distinguished from zoning case denials because the statutory scheme governing zoning ordinances provides that when a municipality denies a special use or conditional use permit, 'every such decision of the city council shall be subject to review by the superior court by proceedings in the nature of certiorari.' " *Id.* at 606, 376 S.E.2d at 26 (quoting N.C. Gen. Stat. §§ 160A-381; 160A-388). We further recognized that there exists "no similar statutory mandate for review of town decisions on subdivision applications," and thus, "it would be incorrect to limit review of subdivision application denials based on the procedure authorized for zoning application denials." *Id.*

Similarly, our Supreme Court has observed that Chapter 160A is "deliberately divided" into separate parts, including two parts which "provide separately for the regulation of subdivisions and for zoning." *Town of Nags Head v. Tillett*, 314 N.C. 627, 630, 336 S.E.2d 394, 397 (1985). The Court noted that the provisions of section 160A-375 contained in Part II of Article 19 are intended to deter the violation of subdivision ordinances, whereas section 160A-389 permits broader proceedings to prevent or correct violation of zoning ordinances. *Id.* The Court held that it is error "to cite the broad enforcement provisions of N.C.G.S. 160A-389, a *zoning* statute, as the statutory basis for denying a building permit to one whose lot violates the *subdivision* requirements of [the local ordinance]." *Id.* at 631, 336 S.E.2d at 397.

Although we concede that no clear authority, statutory or otherwise, exists as to whether the legislature intended the thirty-day time limitation contained in G.S. § 160A-388(e) to apply in cases such as this, our review of the statute and limited case law emphasizing the existence of distinct statutory schemes for regulation of subdivision and zoning leads us to conclude that the trial court erred in applying G.S. § 160A-388(e) in this case. In the absence of such clear legislative intent, we decline to read such a requirement into the statutory scheme of Article 19 and hold that G.S. § 160A-388(e) does not apply to judicial review of decisions of boards of adjustment based on ordinances adopted pursuant to Part II of Article 19 of Chapter 160A.

Although respondent argues petitioner may not bring her appeal because Part II of Article 19 does not provide for appeal procedures regarding variances, the superior court has discretion to grant a writ of certiorari "in proper cases." *See* N.C.R. Prac. 19; *State v. Hamrick*, 110 N.C. App. 60, 65, 428 S.E.2d 830, 832-33 (likening superior court's authority to grant writ of certiorari in proper cases to Court of Appeals' power to grant writ of certiorari pursuant to N.C. Gen. Stat. § 7A-32(c)), *appeal dismissed and disc. review denied*, 334 N.C. 436, 433 S.E.2d 181 (1993). In this case, had the trial court not applied G.S. § 160A-388(e) to dismiss the petition, petitioner would have been required to file her petition within a "reasonable time" following respondent's decision. *See White Oak Properties, Inc. v. Town of Carrboro*, 313 N.C. 306, 311, 327 S.E.2d 882, 886 (1985) (where statute fails to designate time period within which to seek review of a board decision, trial court must use discretion to determine whether petition for writ of certiorari was filed within reasonable time of board decision). Accordingly, we remand this matter to the trial court for a

**RICH, RICH & NANCE v. CAROLINA CONSTR. CORP.**

[153 N.C. App. 149 (2002)]

determination of whether petitioner's filing of this case was done within a reasonable time, and if so, for consideration of the merits of the petition.

The order dismissing the petition is hereby reversed, and this matter is remanded to the trial court for further proceedings in accordance with this opinion.

Reversed and remanded.

Judges TYSON and THOMAS concur.