**MEARES v. TOWN OF BEAUFORT**

[193 N.C. App. 96 (2008)]

CARL W. MEARES, JR., Plaintiff v. TOWN OF BEAUFORT and TOWN OF BEAUFORT HISTORIC PRESERVATION COMMISSION, Defendants

No. COA07-889

(Filed 7 October 2008)

**1. Appeal and Error— mootness—challenge to historic preservation guideline—guideline eliminated**

The issue of whether a historic preservation guideline was void did not become moot during the appeal even though the guideline ceased to exist. Plaintiff was entitled to rely on the language of the guidelines at the time he applied for his Certificate of Appropriateness.

**2. Zoning— historic preservation—authority delegated by legislature—guideline more restrictive**

A historic preservation guideline was void because it was more restrictive than the authority delegated by the General Assembly. The guideline referred to incongruence with a historically significant structure on the site rather than a landmark or district as stated in N.C.G.S. § 160A-400.9(a).

**3. Declaratory Judgments— historic preservation guidelines and zoning setbacks—justiciable**

A declaratory judgment action challenging a historic preservation guideline and the denial of a Certificate of Appropriateness (COA) was justiciable where defendants argued that plaintiff's design did not comply with the zoning setback requirements. The issuance of the COA was not dependent on the issuance of a zoning certificate.

**4. Zoning— historic preservation—judicial review—statute of limitations for zoning ordinances**

Zoning statutes do not limit how an applicant for a historic district Certificate of Appropriateness may seek judicial review, and the statute of limitations for challenging zoning ordinances did not block a challenge to a historic preservation guideline.

Appeal by defendants from order entered 19 April 2007 by Judge John E. Nobles in Carteret County Superior Court. Heard in the Court of Appeals 20 February 2008.

*Poyner & Spruill, LLP, by Robin Tatum Currin, for plaintiff-appellee.*

*Kirkman, Whitford, Brady & Berryman, PA, by Neil B. Whitford, for defendant-appellants.*

BRYANT, Judge.

The Town of Beaufort and Town of Beaufort Historic Preservation Commission (HPC) (collectively defendants) appeal from an order entered 19 April 2007[1] which granted Plaintiff Carl W. Meares, Jr.'s motion for summary judgment, denied defendants' motion for summary judgment, and among other things, declared unlawful and void as a matter of law the Town of Beaufort Historic District Design Guideline 8. For the reasons stated herein we affirm.

In 2000 and 2001, Meares sought to build a combination commercial and residential structure and met with State and Town of Beaufort officials to determine the type of regulations and requirements applicable to his plan. Based on a review of State statutes and Town of Beaufort ordinances and regulations, and based on conversations with State officials and representatives of the Town of Beaufort, Meares purchased lots 324, 326, and 328 on Front Street within Beaufort's Historic Overlay District for a cost of $595,000.

In November 2001, Meares met with Linda Dark, Chairperson of Beaufort's Historic Preservation Commission (HPC), to discuss his commercial and residential project. Pursuant to the Town of Beaufort Zoning Ordinance, the function of the HPC is to "review and pass upon the appropriateness of the construction, reconstruction, alteration, restoration, moving or demolition of any buildings, structures, appurtenant fixtures, outdoor advertising signs, or other exterior features in the historic district." Beaufort, N.C., Zoning Ordinance § 13.6(b) (2006). "Exterior features" include "color, architectural style, general design, and general arrangement of the exterior of a building or other structure, including the kind and texture of the building material, the size and scale of the building, and the type and style of all windows, doors, light fixtures, signs, and other appurtenant features." *Id.* at § 13.4. To aid in its function, the HPC established guidelines for the construction or external alteration of structures within the historic district. According to the Beaufort Historic District Guidelines, a COA "indicat[es] that a proposed exterior

---

1. See companion case Meares v. Town of Beaufort, COA 07-882, referred to as "Meares (II)."

MEARES v. TOWN OF BEAUFORT

[193 N.C. App. 96 (2008)]

change has been reviewed and approved by the [HPC] for consistency with established historic district guidelines."

At the November 2001 meeting, Dark gave Meares a copy of the Historic District Design Guidelines referencing a thirty-five foot height limitation among other standards for new construction and recommended that Meares work with John Wood, a Preservation Specialist from the North Carolina Department of Cultural Resources, and an architect of Wood's choice before submitting a design application to the HPC. Meares complied, and in October 2003, Meares provided Dark with sketches of his proposed design which illustrated a three story building.

On 2 December 2003, the HPC proposed a "Technical Correction" to the Historic District Design Guidelines. The HPC published no notice of the proposed technical correction to the public. The proposed technical correction would revise the design guidelines in part as follows:

Page 59 of the Guidelines—Building Height/Scale

8) The vistas of Beaufort's waterfront play a crucial role in defining the character of Beaufort's Historic District. Therefore, under no circumstances shall any proposed building visually encroach in height or scale upon the remaining public landscapes of Beaufort's Historic District . . . . These include . . . views of the historic district, particularly Front Street . . . unless it can be demonstrated that an historically significant building previously existed on the site of the proposed building. The new building shall be consistent in height and scale with the pre-existing historic structure.

The technical correction was unanimously approved 2 December 2003 and became Historic District Design Guideline 8.

In July 2004, the HPC conducted a pre-application meeting to review Meares' design. Meares' design illustrated a three story building. Dark raised the height of the building as a concern and specifically referenced Guideline 8. Despite these comments, Meares submitted his design in an application for a COA.

In October 2004, the HPC conducted a hearing on Meares' COA application for a three-story commercial and residential structure. Relying in part on Guideline 8, the HPC unanimously denied the application. Meares appealed to the Beaufort Board of Adjustment, where

the HPC's decision was vacated and a new hearing on Meares' application was ordered. However, before the new hearing could take place, Meares filed a civil action against defendants in Carteret County Superior Court.

Meares sought a declaratory judgment decreeing that the technical correction to the Beaufort design guidelines was void and unlawful, or that Meares had acquired common law vested rights to construct and occupy the commercial and residential structure, thereby precluding the application of the technical correction to his project. Meares and defendants filed cross motions for summary judgment. The trial court granted Meares' motion, denied defendants', and entered a declaratory judgment that stated (1) "[t]he Technical Correction adopted by the HPC and included in the section of the Beaufort Historic District Design Guidelines application to New Construction as paragraph 8, or Guideline 8, . . . is unlawful and void, as a matter of law," and (2) "even if Guideline 8 of the Technical Correction was not determined to be unlawful and void, [Meares had] acquired common law vested rights, as a matter of law, to develop the project on his property . . . ." The trial court ordered Guideline 8 stricken from the Beaufort Historic District Design Guidelines in its entirety. Defendants appeal.

On appeal, defendants raise the following five issues: whether the trial court committed reversible error by ruling (I) & (IV) Guideline 8 is unlawful and void as a matter of law; (II) & (V) Meares acquired common law vested rights to develop a proposed structure; and (III) Meares' action is justiciable.

[1] After oral argument, defendants filed notice with this Court that the Design Guidelines for the Beaufort Historic District & Landmarks had been revised and Guideline 8, as stated in the previous design guidelines, no longer existed.[2] Defendants contend there is no longer

---

2. Design Guidelines for the Beaufort Historic District & Landmarks, 1994, revised 2008, Chapter 5: Protecting Beaufort's Historic Vistas, p. 36.

[T]he HPC has developed the following policy regarding new construction including additions to existing buildings in the Beaufort Historic District.

The vistas of Beaufort's waterfront play a crucial role in defining the character of Beaufort's Historic District. These include . . . views of the Historic District, particularly Front Street, from the water. An important factor in evaluating [COAs] for new construction and additions to existing structures will be the impact, from both the land and water on the vistas of Beaufort's waterfront. Generally, new construction, or additions to existing structures, that encroaches into the vistas of Beaufort's waterfront should be permitted

a live controversy as to whether Guideline 8 is unlawful and void as a matter of law. *See In re Appeal from CAMA Minor Dev. Permit*, 82 N.C. App. 32, 42, 345 S.E.2d 699, 705 (1986) ("[w]henever, during the course of litigation it develops that the relief sought has been granted or that questions originally in controversy between the parties are no longer at issue, the [issue] should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law.") (citation omitted). We disagree with defendants' contention.

We note that Meares' complaint, filed in Carteret County Superior Court, arose out of facts involving his initial pursuit of a COA from Beaufort's HPC. Because the Board of Adjustment has ordered a new hearing on Meares' initial COA application and the HPC's revision to the Design Guidelines for the Beaufort Historic District & Landmarks does not change Meares' reliance on the guidelines in effect at the time he submitted a COA application, we hold Meares is entitled to rely on the language of the design guidelines in effect at the time he applied for the COA. *See Lambeth v. Town of Kure Beach*, 157 N.C. App. 349, 352, 578 S.E.2d 688, 690 (2003) (where an amended ordinance did not give the petitioner the relief he sought or change the petitioner's reliance on the prior ordinance, the petitioner's claim and injury remained viable, and the "[p]etitioner was entitled to rely upon the language of the ordinance in effect at the time he applied for the permit."). Accordingly, the issue of whether Guideline 8, as it existed at the time Meares filed his COA application, is void as a matter of law, is not moot.

## Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. R. Civ. P. 56(c) (2007). On appeal, "the Court will review the trial court's order allowing summary judgment de novo." *Builders Mut. Ins. Co. v. North Main Constr., Ltd.*, 361 N.C. 85, 88, 637 S.E.2d 528, 530 (2006) (citation omitted).

---

only to the extent necessary to allow reasonable use of the property. In weighing the impact of new construction and additions to existing structures, the commission should consider the traditional setting or context of the subject property relating to the vistas of Beaufort's waterfront.

*Arguments*

*I & IV*

[2] Defendants first argue the trial court committed reversible error in ruling that the HPC's Guideline 8 is unlawful and void as a matter of law. Defendants argue their authority to establish Guideline 8 of the Beaufort Historic District Design Guidelines is conferred by the North Carolina General Statutes. We disagree.

Under North Carolina General Statute section 160A-400.9, our General Assembly requires that "[p]rior to any action to enforce a landmark or historic district ordinance, the [preservation] commission shall . . . prepare and adopt principles and guidelines not inconsistent with this Part for new construction . . . ." N.C. Gen. Stat. § 160A-400.9(c) (2003). Under subsection (a), the North Carolina General Assembly requires that applications for COAs be approved by a preservation commission before structures can be erected in historic districts, but "the commission . . . shall take no action under this section except to prevent the construction . . . which would be *incongruous with the special character of the landmark or district.*" N.C. Gen. Stat. § 160A-400.9(a) (2003) (emphasis added).

In *A-S-P Associates v. Raleigh,* 298 N.C. 207, 258 S.E.2d 444 (1979), the plaintiffs brought an action challenging a city ordinance creating a historic district on the grounds that the General Assembly impermissibly delegated legislative power to the Historic District Commission. *Id.* Our Supreme Court reasoned that the delegation of the State's police power to municipalities with regard to local problems, such as zoning, has long been an accepted practice, but that delegation with regard to historic district preservation commissions is not unlimited. *Id.* at 218, 258 S.E.2d at 451.

Under N.C.G.S. § 160A-400.9(a), the discretion of the preservation commission is limited: "the commission . . . shall take no action under this section except to prevent the construction . . . which would be *incongruous with the special character of the landmark or district.*" *Id.* (emphasis added). In *A-S-P Associates,* the Court interpreted this phrase to be "a contextual standard." *A-S-P Associates,* 298 N.C. at 222, 258 S.E.2d at 454. "In this instance the standard of 'incongruity' must derive its meaning, if any, from the total physical environment of the Historic District." *Id.*

Here, Guideline 8 imposes the requirement that new structures not be incongruent with a historically significant structure which

existed on the *site* of the proposed structure, rather than a *land-mark or district* as stated in N.C.G.S. § 160A-400.9(a). Thus, Guideline 8 is more restrictive than is allowed pursuant to the author-ity delegated by the General Assembly. Accordingly, we hold the trial court did not err in ruling the HPC's Guideline to be unlawful and void as a matter of law.

## II & V

Defendants next argue the trial court erred by ruling that Meares acquired common law vested rights to develop the project on his property as a matter of law. Because we have affirmed the ruling of the trial court that Guideline 8 is unlawful and void as a matter of law, we do not need to address defendant's alternative argument.

## III

Defendants next argue that the trial court committed reversible error by denying defendants' motion for summary judgment on the grounds that Meares' action is not justiciable. Defendants argue that (A) Meares' design does not meet the criteria of Beaufort's zoning ordinance and as such is not capable of being built as designed and until such a design is submitted no case or controversy exists. Defendants also argue that (B) the validity of Guideline 8 cannot be challenged because of its similarity in effect to a zoning ordinance and under N.C. Gen. Stat. § 160A-364.1 the statute of limitations for challenging the enactment of such a zoning ordinance has expired.

## A

[3] Defendants argue that Meares' action is not justiciable because Meares failed to submit a design which complies with the setback requirements of Beaufort's zoning ordinance and thus cannot be built as designed. Defendants argue that until Meares submits a design capable of being built there is no controversy in the denial of a COA. We disagree.

Under the Town of Beaufort Zoning Ordinance, section 16.1, "[n]o building or structure or any part thereof shall be erected or struc-turally altered until a zoning certificate is issued by a Zoning Administrator." Beaufort, N.C., Zoning Ordinance § 16.1 (2006). Under North Carolina General Statute 160A-388(b), "the board of adjustment shall hear and decide appeals from and review any order, requirement, decision, or determination made by an administrative official charged with the enforcement of [the zoning] ordinance." N.C. Gen. Stat. § 160A-388(b) (2006).

Under Beaufort's zoning ordinance, section 14.1, a "nonconforming project" is defined as "[a]ny structure, development, or undertaking that is incomplete at the effective date of this ordinance and would be inconsistent with any regulation applicable to the district in which it is located if completed as proposed or planned." Beaufort, N.C., Zoning Ordinance § 14.1 (2006). Under section 14.8, "work on nonconforming projects may begin . . . only pursuant to a variance issued by the Board of Adjustment." *Id.* at § 14.8(a). Thus, if a zoning administrator denies a zoning certificate on the grounds a project does not conform to zoning setback requirements, the Board of Adjustment may issue a variance allowing an exception for the project's nonconformity.

Defendants do not allege and, after our review of the Beaufort zoning ordinance, we do not hold the issuance of a COA by the HPC[3] is dependent upon the issuance of a zoning certificate.[4] Thus, the controversy surrounding the HPC's denial of Meares' COA application remains.

*B*

[4] Defendants further argue that the validity of Guideline 8 cannot be challenged because if the guideline is subject to the same review standards as a zoning ordinance then under N.C. Gen. Stat. § 160A-364.1 the statute of limitations for challenging the enactment of this guideline has expired.

In *Hemphill-Nolan v. Town of Weddington,* 153 N.C. App. 144, 568 S.E.2d 887 (2002), the town board of adjustment denied a petitioner a variance from a subdivision ordinance. *Id.* at 145, 568 S.E.2d at 887. The petitioner filed a petition for *writ of certiorari* in superior court. *Id.* at 145, 153 S.E.2d at 888. The superior court dismissed the petition for failure to comply with the thirty-day time limit for filing appeals from the board of adjustment as established by N.C. Gen.

---

3. Zoning Ordinance of the Town of Beaufort, North Carolina. Section 13.6. Powers and Duties of the Historic Preservation Commission. Subsection (b). "It shall be the function of the [HPC] to review and pass upon the appropriateness of the construction, reconstruction, alteration, restoration, moving or demolition of any buildings, structures, appurtenant fixtures, outdoor advertising signs, or other exterior features in the historic district. . . ." Subsection (c). "It shall be the function of the [HPC] to review and pass upon the appropriateness of exterior features of buildings, structures and properties within the 'Historic District.' "

4. Zoning Ordinance of the Town of Beaufort, North Carolina. Section 16.1. Zoning Certificate. "No building or structure or any part thereof shall be erected or structurally altered until a zoning certificate is issued by the Zoning Administrator."

Stat. § 160A-388(e) (2001) ("[e]very decision of the board shall be subject to review by the superior court by proceedings in the nature of certiorari. Any petition for review by the superior court shall be filed . . . within 30 days after the decision of the board is filed in such office as the ordinance specifies . . . ."). On appeal, this Court reasoned that the N.C.G.S. § 160A-388(e) did not apply to subdivision ordinances. "Although this Court has recognized that the legal principles involved in review of zoning applications are similar and relevant to review of the denial of subdivision applications, we have also stated that zoning statutes do not limit how a subdivision applicant may seek judicial review." *Hemphill-Nolan,* 153 N.C. App. at 147, 568 S.E.2d at 889 (citation and quotations omitted).

Similarly, here, while the legal principles involved in the review of zoning issues are relevant as to a review of design guidelines for new structures erected within Beaufort's Historic District, the zoning statutes do not limit how an applicant for a COA may seek judicial review. Accordingly, defendants' assignment of error is overruled.

Affirmed.

Judges HUNTER and STROUD concur.

